IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00123-MR-WCM

| | |
|---|---|
| ALBERT ROBINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DAVID KEITH OAKS, ESQ., ) | |
| THE LAW FIRM OF DAVID K. OAKS, P.A., ) | |
| SECTION 23 PROPERTY OWNER'S ) | |
| ASSOCIATION, INC., ) | |
| FIVE OAKS INVESTMENTS, INC., and ) | |
| THE DAVID K. OAKS PERSONAL TRUST ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on:

1. Plaintiff's Motion for Final Summary Judgment (the "Motion for Summary Judgment," Doc. 9);

2. Plaintiff's Motion for the Court to Take Judicial Notice (the "Motion for Judicial Notice," Doc. 14);

3. The Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue filed by Defendants David K. Oaks, P.A. and Five Oaks Investments, Inc. (the "First Motion to Dismiss," Doc. 22); and

4. The Motion to Dismiss filed by Defendant Section 23 Property Owner's Association Inc. (the "Second Motion to Dismiss, Doc. 28).

I.  Relevant Background

On April 29, 2021, Plaintiff Albert Robinson ("Plaintiff") filed a Complaint against David Keith Oaks; The Law Firm of David K. Oaks, P.A.; Section 23 Property Owner's Association, Inc.; Five Oaks Investments, Inc.; and The David K. Oaks Personal Trust. Doc. 1.[1]

On May 24, 2021, Plaintiff filed the Motion for Summary Judgment. Doc. 9.

On June 1, 2021, Plaintiff filed the Motion for Judicial Notice, by which Plaintiff requests that the Court take judicial notice of certain documents filed in connection with the Motion for Summary Judgment. Doc. 14, see also Doc. 9-3.

On June 14, 2021, the First Motion to Dismiss was filed. Therein, Defendants David K. Oaks, P.A. and Five Oaks Investments, Inc. assert that Plaintiff's claims against them should be dismissed for lack of personal jurisdiction and improper venue, or alternatively, transferred to the United States District Court for the Middle District of Florida. Docs. 22 & 23.

On June 18, 2021, the Second Motion to Dismiss was filed. Therein, Defendant Section 23 Property Owner's Association, Inc. seeks dismissal of

---

[1] Executed summons returns were filed on May 10, 2021 indicating service on Five Oaks Investments, Inc., Section 23 Property Owner's Association, Inc., and The Law Firm of David K. Oaks, P.A. Doc. 3.

Plaintiff's claims pursuant to Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure "on the grounds that there has already been an adjudication on the merits between the parties and that res judicata bars this action; and alternatively, to dismiss for improper venue and transfer venue to the Middle District of Florida, and as another alternative, for failure to state a claim upon which relief can be granted." Doc. 28.

On June 23, 2021, Plaintiff filed a First Amended Complaint, which appears to seek to add a multitude of additional defendants. See Doc. 30.

## II. Discussion

### A. The Motion for Summary Judgment and Motion for Judicial Notice

Because the Motion for Judicial Notice is tied to the Motion for Summary Judgment, these Motions will be addressed together.

Following consultation with the chambers of the presiding district judge, these Motions will be denied as premature, and without prejudice to Plaintiff's right to file a renewed motion for summary judgment at the close of discovery, if appropriate.

### B. The First and Second Motions to Dismiss

"The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended

3

complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Ledford v. Eastern Band of Cherokee Indians, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").

"A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b)…." Fed. R. Civ. Pro. 15(a)(1)(B). Because Plaintiff has amended his complaint within the time period provided by Rule 15(a)(1)(B), the Motions to Dismiss are now moot. See Thomas v. Cumberland County Board of Education, No. 5:10-cv-552, 2011 WL 3664891, at *1 (E.D.N.C. Aug. 18, 2011) ("Because plaintiff had 'an absolute right to amend [her] complaint ... and need not [have sought] leave of court to do so' her motion to amend must be ALLOWED. Defendant's motion to dismiss the original complaint is DENIED AS MOOT, without prejudice to renewal.") (quoting Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) (modifications in Thomas)). This denial is without prejudice to Defendants' right to challenge the Amended Complaint, if appropriate.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Final Summary Judgment (Doc. 9) is **DENIED WITHOUT PREJUDICE AS PREMATURE**;

2. Plaintiff's Motion for the Court to Take Judicial Notice (Doc. 14) is **DENIED WITHOUT PREJUDICE AS PREMATURE**;

3. The Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue filed by Defendants David K. Oaks, P.A. and Five Oaks Investments, Inc. (Doc. 22) is **DENIED AS MOOT;** and

4. The Motion to Dismiss filed by Defendant Section 23 Property Owner's Association Inc. (Doc. 28) is **DENIED AS MOOT**.

Signed: June 25, 2021

W. Carleton Metcalf
United States Magistrate Judge