THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00123-MR-WCM

| | |
|---|---|
| ALBERT ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DAVID K. OAKS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* "Plaintiff's Motion for Def[a]ult Final Judgment Against Section 23 Property Owner's Association, Inc." [Doc. 40].

I. **BACKGROUND**

On June 23, 2021, the Plaintiff Albert Robinson ("Plaintiff") filed his First Amended Complaint against Defendants David Keith Oaks; David K Oaks, P.A.; "Section 23 Property Owner's, Association, Inc." ("Section 23"); "Section 23, Property Owner's, Association, Inc." (together the "Section 23 entities");[1] John Edward Spainhour; McAngus Goudelock & Courie, PLLC;

---

[1] The Plaintiff brought suit against "Section 23 Property Owner's, Association, Inc." and "Section 23, Property Owner's, Association, Inc." alleging they are separate entities based on a difference in a comma. [Doc. 30]. The Section 23 entities object to the Plaintiff's allegations that they are separate entities. [Doc. 27 at 2]. Because the Plaintiff only moves

Dr. D.V. Rao; Five Oaks Investments, Inc.; and the David K. Oaks Personal Trust. [Doc. 30].

On July 6, 2021, the Section 23 entities filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). [Doc. 37]. The Plaintiff has not yet responded, and the Motion is still pending.

On July 12, 2021, the Plaintiff filed a Motion for Default Judgment Against "Section 23 Property Owner's, Association, Inc." [Doc. 40].

## II. DISCUSSION

The Plaintiff has moved for "entry of default judgment" as to Section 23 "in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure." [Doc. 40 at 1].

To obtain a default judgment under Rule 55(b), "a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Hayhurst v. Liberty Int'l Underwriters, No. 5:08-cv-5347, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D.W. Va. Jan. 29, 2009); see Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, 2006 WL 1720681, at *14 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Under Federal Rule of Civil Procedure 55(a) "[w]hen a

---

for default against "Section 23 Property Owner's, Association, Inc.," the Court will consider them as separate entities for the purposes of this Motion for Default.

2

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of the court must enter a default against that party. Fed. R. Civ. P. 55(a).

Generally, a defendant has 21 days to serve a responsive pleading after being served with the summons and the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). When a plaintiff amends the complaint, however, the defendant must respond "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Serving a motion on the court pursuant to Rule 12 further alters the time period for a responsive pleading such that: "if the court denies the motion or postpones its disposition until trial," the responsive pleading is due within 14 days of the court's decision. Fed. R. Civ. P. 12(a)(4).

Pursuant to the plain language of Rule 55, the Plaintiff is not entitled to a default judgment against Section 23 because the clerk has not entered a default under Rule 55(a). Eagle Fire, Inc., 2006 WL 1720681, at *14. Nor would a default under Rule 55(a) be appropriate. The Plaintiff filed the Amended Complaint on June 23, 2021 and served Section 23 with the

Amended Complaint on June 21, 2021.[2] On July 6, 2021, prior to the 14-day responsive pleading limit of Rule 15(a)(3), Section 23 filed the Motion to Dismiss and timely served the Plaintiff. [Doc. 37]. Accordingly, because Section 23 timely filed a Motion to Dismiss under Rule 12(b)(6) and that Motion is still pending, Section 23 has clearly not "failed to plead or otherwise defend" in a timely manner. See Hudson v. State of N.C., 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a)."). Section 23 need not file an answer to the Plaintiff's Amended Complaint until 14 days after the Court's action on the Motion to Dismiss if an answer is still required at that point. Fed. R. Civ. P. 12(a)(4).

The Plaintiff's Motion for Default Judgment is, therefore, denied.

The Plaintiff is cautioned against making future such frivolous filings without basis in law or fact. Although the Plaintiff is proceeding *pro se*, he is subject to the Rules of Civil Procedure and the Local Rules.

---

[2] The Plaintiff does not provide any evidence that Section 23 was served on June 21, 2021, before he filed the Complaint, however even with this earlier date Section 23 clearly served its Motion to Dismiss within the 14-day window.

# ORDER

**IT IS, THEREFORE, ORDERED,** that Plaintiff's Motion for Default Judgment [Doc. 40] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 19, 2021

Martin Reidinger
Chief United States District Judge