UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
: 1;21-cv-0123-MR-WCM

| | |
|---|---|
| ALBERT ROBINSON, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID K. OAKS, ET AL <br><br> Defendants | PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR |

Plaintiff moves to disqualify Defendant/attorneys David K. Oaks ("DKO") and John Edward Spainhour ("JES") and the law firm/Defendant McAngus, Goudelock & Courie ("MGC") for conflict of interest and because DKO and JES will be called as sworn witnesses to testify on their part of the fraud scheme and to protect the interests of the courts in preserving the integrity of the process and the Court's interests in ensuring a just verdict and a fair trial.

### Brief narration of the facts made basis for this motion.

DKO conceived and created a major fraud scheme in or around 1995 and this fraud scheme is still in progress today since DKO is still collecting payments in the name of the fictional Plaintiff that DKO was using to commit barratry. DKO has firsthand knowledge of the workings, co-conspirators, the dates and

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 1

total amount of money stolen.

JES began to act in the fraud scheme when JES began to also file pleadings in the false name of the Defendant Section 23 Property Owner's Association, Inc. ("Sec 23 one comma"). It is not a question of will both JES and DKO be called to testify about the fraud scheme as DKO is one of the masterminds and JES also knows about the fraud scheme since joining the case and refusing to step down from aiding DKO by filing pleadings in the name of the fake Sec 23 one comma.

## Arguments & Authorities.

### Conflict of interest in JES representing multiple Defendants.

In this instant case we have a number of conflicting Defendants. We have;

- Section 23, Property Owner's Association, Inc. (("Sec 23 two commas") which is made up of over 3,400 properties with each property having at least two owners meaning 6,800 Co-Defendants. The most likely scenario is for the 6,800 Co-Defendants to file suit against Defendants DKO and his law firm David K. Oaks, P.A. ("DOPA") for legal malpractice, fraud, extortion, barratry, breach of fiduciary duty inter alia, and then sue JES and MGC for legal malpractice and fraud for aiding DKO.

    JES must tell all of the Sec 23 two commas Co-Defendants that DKO obtained an injunction against that the deed restrictions were dissolved years ago and that **all** of the injunctions obtained by DKO

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 2

were never valid which will mean more cross-suits against DKO and DOPA. There you have a huge conflict between a large number of the Sec 23 two commas Co-Defendants, DKO, JES and MGC.

- Within the list of Co-Defendants in Sec 23 two commas we have a number of individuals who were in on the fraud scheme with DKO, such as Harvey Goldstein, Joseph W. Harris, Ronald E. Woods, Andrew Kontos and Vicky Craig, who will most likely be crossed sued by the other Sec 23 two commas Co-Defendants along with DKO and DOPA. The chance exists that the above mentioned individuals will cross-sue DKO for talking them into the fraud scam and cross-sue David K. Oaks personal trust and Five Oaks Investments, Inc. for their share of the stolen money and real estate.

- We have numerous corporations and financial institutions in Sec 23 two commas who will obviously desire to hire their own counsel since if JES is actually representing Sec 23 two commas JES will not represent Sec 23 two commas Co-Defendants to the best of his ability because JES is being paid by an insurance company whose main objective is to **cover up** the fraud scheme and keep the story from the Sec 23 two commas Co-Defendants because there will be a humongous amount of claims filed against the insurance company paying the attorneys to cover the fraud scheme up for so long, the Florida BAR for not disbarring DKO when the fraud was first reported and others for assisting in the operation of the fraud scheme.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 3

If JES wished to represent all of the Sec 23 two commas Co-Defendants JES must get written consent. The Plaintiff will gladly turn over the list of names and addresses and even begin to send out notices to inform the Co-Defendants of the law suit. Some of the others following the case have already sent notice that DKO and Sec 23 two commas are being sued in USDC WDNC.

## RULE 1.7 CONFLICT OF INTEREST: CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.

The N.C. Rules of Professional Conduct specifically state that JES cannot take on a client when *the representation of one client will be directly adverse to another client.* Here, as stated, in order for JES to represent all of the Sec 23 two commas Co-Defendants JES will have to inform all of them that DKO, and the above mentioned Co-Defendants Harris, Goldstein, Craig, Woods, and Kontos, was committing fraud and that they are liable for the damages pursuant to F.S.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 4

Case 1:21-cv-00123-MR-WCM   Document 47-1   Filed 07/19/21   Page 4 of 13

720.305. "In addition, Rule 5.1(A) prohibits a lawyer from representing a client if the representation will be or is likely to be directly adverse to another client." *Robert Woodhead, Inc. v. Datawatch Corp.*, 934 F. Supp. 181, 183 (E.D.N.C. 1995). JES will have to cross examine Woods, Harris, Kontos, Craig, Goldstein and of course DKO as each played a major and ongoing role in the Section 23 fraud scheme and since Harris Woods, Kontos, Goldstein and Craig are Co-Conspirators as well as Co-Defendants of Sec 23 two commas, JES will be representing them while in the same case prosecuting them for fraud. In other words JES has to prove that Harris et al organize and run the fraud scheme even though Harris, and DKO et al were not aware of that fact. See *Woodhead supra,* "Therefore the two matters are substantially related. Once it is found that the subject matter of the litigation is substantially related, the court will presume that relevant confidential information was disclosed. *In re American Airlines,* 972 F.2d 605 (5th Cir.), *cert. denied,* 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1992)."

In addition JES will have to inform the Sec 23 two commas Co-Defendants that the insurance company is footing the bills and that the insurance company does not want the fraud scheme to be exposed because it will expose the insurance

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 5

company to numerous lawsuits from people who have also lost their homes or who have paid attorney fees because of DKO and the fraud scheme. Which leads to;

*Interest of Person Paying for a Lawyer's Service*

> [13] A lawyer may be paid from a source other than the client, including a co-client, if the client is informed of that fact and consents and the arrangement does not compromise the lawyer's duty of loyalty or independent judgment to the client. See Rule 1.8(f). If acceptance of the payment from any other source presents a significant risk that the lawyer's representation of the client will be materially limited by the lawyer's own interest in accommodating the person paying the lawyer's fee or by the lawyer's responsibilities to a payer who is also a co-client, then the lawyer must comply with the requirements of paragraph (b) before accepting the representation, including determining whether the conflict is consentable and, if so, that the client has adequate information about the material risks of the representation.

There are about 6,800 potential cross-claims just waiting to happen and in order for JES to obtain consent to represent these 6,800+ Defendants, who have already been served and JES is attempting to lump them into the fictional Defendant Sec 23 one comma, JES will have to truthfully inform each Co-Defendant about the fraud scheme, JES's and DKO's involvement and the possible outcome and then obtain a signature of consent from each of the 6,800+ Co-Defendant. This is no small hill of beans to accomplish but must be done.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 6

### Attorney as witness and Co-Defendant.

Here both DKO and JES will be called to testify, extensively especially DKO since he is one of the masterminds behind the fraud scheme. Therefore Co-Defendant DKO cannot represent DOPA, FOI and DOPT since this will place DKO in the position of being a sworn or unsworn witness and taint the proceedings. As for Co-Defendant JES he will be called to testify on the identity of the paying party and exactly who told him to attempt to deceive the Court by stating Sec 23 one comma and Sec 23 two commas are one and the same.

The USDC WDNC in *Danzig Ltd. v. Inception Mining Inc.*, CIVIL ACTION NO. 5:17-CV-00018-RLV-DSC, 2-3 (W.D.N.C. Jun. 12, 2017) held that;

> "When considering a motion to disqualify, "[t]he guiding principle . . . is safeguarding the integrity of the court proceedings" and "the purpose of granting such motions is to eliminate the threat that the litigation will be tainted." Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 514, 517 (M.D.N.C. 1996). The court must balance (1) a party's right to his choice of counsel and the potential substantial hardship resulting from disqualification against (2) the importance of safeguarding the public trust in the judicial system. Johnson v. Brock & Scott, PLLC, No. 5:11-cv-474-F, 2012 WL 4483916, at *7 (E.D.N.C. Sept. 26, 2012)."

Pursuant to Rule 3.7 of the North Carolina Revised Rules of Professional Conduct, a lawyer may not be an advocate at trial if he is a necessary witness. Rule 3.7 provides:

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 7

Case 1:21-cv-00123-MR-WCM   Document 47-1   Filed 07/19/21   Page 7 of 13

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

In determining whether to disqualify an attorney under Rule 3.7, the court must first determine whether the attorney is a "necessary witness". "A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." See *Cunningham v. Sams*, 161 N.C.App. 295, 298, 588 S.E.2d 484, 487 (2003). An attorney may be disqualified as a "necessary witness" if (1) the attorney will give evidence material to the issues to be determined, (2) the evidence cannot be obtained elsewhere, and (3) the testimony is prejudicial or may be prejudicial to the testifying attorney's client. *Metro. P'ship, Ltd. v. Harris*, No. 3:06-cv-522-W, 2007 WL 2733707, at *2, (W.D.N.C. Sept. 17, 2007)(citing *United States v. Dyess*, 231 F.Supp.2d 493, 496 (S.D.W.Va.2002)). If the challenged attorney is deemed a necessary witness, the court must then consider whether any of the exceptions apply. Id.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 8

Case 1:21-cv-00123-MR-WCM   Document 47-1   Filed 07/19/21   Page 8 of 13

There is no question that DKO is a material witness to the case as again DKO is one of the masterminds and knows the intricate details of the fraud scheme and how it lasted for almost 24 years without getting caught. In addition since JES introduced into controversy whether or not Sec 23 one comma and Sec 23 two commas are one and the same DKO will have to testify on this as well as DKO created both entities back in 1995.

Here (1) DKO will give evidence material to the issues to be determined such as how DKO obtained the defective injunctions and coerced the Plaintiff herein to work and free and spend the Plaintiff's own money when he was never legally obligated to do so, and; (2) the specific evidence of this massive fraud scheme cannot be obtained elsewhere as DKO was the main attorney filing the lawsuits using the fake Plaintiff, and; (3) the testimony will prejudicial or may be prejudicial to the testifying attorney's clients DOPA, DOPT and FOI.

As for JES (1) JES will give evidence material to the issues to be determined such as who paid him and MGC to aid DKO in the fraud scheme; (2) the specific evidence of payment to obstruct justice by covering up this massive fraud scheme cannot be obtained elsewhere as JES and MGC are the main attorneys representing the fake Co-Defendant Sec 23 one comma, and; (3) the

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 9

testimony will prejudicial or may be prejudicial to the testifying attorney's clients namely the 6,800+ Co-Defendants in Sec 23 two commas, that is if JES is actually representing them or if JES is going to continue on with his fraudulent claims that all of the Sec 23 entities are one and the same.

**Discussion.**

In *US v. Finkelstein*, 21 Cr. 217 (PGG), (S.D.N.Y. 06/22/2021) Court held;

> "Rules of professional conduct and case law limit the circumstances in which an attorney acting in a representative capacity may be a witness at trial, whether sworn or unsworn. The Second Circuit has instructed that, "[w]hen faced with an attorney as a sworn or unsworn witness, the proper recourse is to disqualify the attorney, not to exclude the testimony." *United States v. Kliti*, 156 F.3d 150, 156 (2d Cir. 1998).

JES, and especially DKO, are an integral part of the fraud scheme, DKO more so than JES but part of the ongoing operation and cover up of the scheme. DKO will be called to testify on the inner workings of the fraud scheme and JES will be called on the matter of the current payments and agreements for him and his law firm to aid DKO in litigation and representation of the fictional defendant Sec 23 one comma. Therefore both must be disqualified.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 10

Case 1:21-cv-00123-MR-WCM   Document 47-1   Filed 07/19/21   Page 10 of 13

The SDNY went on to state;

"Even where a lawyer will not be called to testify, he or she may be disqualified if the lawyer "is in a position to be [an unsworn] witness[.]" *Locascio*, 6 F.3d at 933. "An attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial." *Id.* For example, "[i]f counsel were to cross-examine [a] witness as to her conversations with him, argue the credibility of her testimony to the jury, or suggest alternative interpretations of her account of the conversation, he would place himself in the position of an unsworn witness and implicitly put his own credibility at issue." *United States v. McKeon*, 738 F.2d 26, 35 (2d Cir. 1984)." *Finkelstein supra.*

And,

"Where an attorney acts as an unsworn witness,

> his role as advocate may give his client an unfair advantage, because the attorney can subtly impart to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross examination. . . . When an attorney is an unsworn witness, . . . the detriment is to the government, since the defendant gains an unfair advantage, and to the court, since the factfinding process is impaired. Waiver by the defendant is ineffective in curing the impropriety in such situations, since he is not the party prejudiced.

*Locascio*, 6 F.3d at 933-34 (citing *McKeon*, 738 F.2d at 34-35; *United States v. Cunningham*, 672 F.2d 1064, 1075 (2d Cir. 1982); *United States v. Castellano*, 610 F.Supp. 1151, 1167 (S.D.N.Y. 1985)).

Courts in this Circuit have disqualified attorneys where they have become enmeshed in their clients' alleged criminal

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 11

acts. *See, e.g., United States v. Napoli*, No. 10-CR-150(JG), 2010 WL 1687669, at *5 (E.D.N.Y. Apr. 27, 2010) (disqualifying defense counsel where the attorney's "firsthand knowledge of the events in question would lend special weight and credibility to the arguments he makes in Napoli's defense"; noting that "the jury may accept [the attorney's] 'unsworn testimony' about events precisely because he was present for them"); *United States v. Kerik*, 531 F.Supp.2d 610, 613, 615 (S.D.N.Y. 2008) (disqualifying defense counsel where the defendant was alleged to have "obstructed [a] state investigation through his lawyers' unwittingly-made obstructive statements[, ]" and where the attorney would "either be called as a Government witness or [would] necessarily be an unsworn witness before the jury in the Defendant's trial"); *United States v. Schlesinger*, 335 F.Supp.2d 379, 382 (E.D.N.Y. 2004) (disqualifying defense lawyer where the Government asserted that it would "prove that [the defendant's] alleged effort to defraud creditors was carried forward by his use of [the attorney] to reverse [a] tax assessment imposed by [the New York State Department of Taxation and Finance], " and that, "[a]s a result, the . . . [attorney] may become an unsworn witness or possibly a sworn witness because of [the attorney's] 'unwitting' participation in the alleged fraud")." Finkelstein supra.

## CONCLUSION

Defendants DKO and JES will be called to testify and will be grilled in depth on their part in the operation of the fraud scheme and it's inner workings.

/s/ Albert Robinson
ALBERT ROBINSON
P. O. Box 7021,
Gainesville, GA 30504
(678) 887-5406
Sodvn@protonmail.com

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 12

## CERTIFICATE OF SERVICE

I Albert Robinson, certify that a true and correct copy of this foregoing has been served upon the Defendants via email to their attorney of record Mr. David K. Oaks at doaksesq@comcast.net and dvraofile@gmail.com respectively, and John Edward Spainhour at jspainhour@mgclaw.com all on the date of Wednesday, July 14, 2021.

## CERTIFICATE OF COMPLIANCE

I certify that this instant motion complies as to form and substance with LCvR's 5.2.1 & 7.1.

## CERTIFICATE OF CONFERENCE

As per LCvR 7.1(b) I attempted to confer with counsel but the number that Mr. Oaks lists on the motions only goes to an office in Punta Gorda, FL. Both DKO and JES refuse to talk to him over the telephone nor meet in person. I *attempted in good faith to resolve areas of disagreement* with Mr. Oaks and Mr. Spainhour.

/s/ Albert Robinson
Mr. Albert Robinson

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT/ATTORNEYS DAVID K. OAKS AND JOHN EDWARD SPAINHOUR - 13

Case 1:21-cv-00123-MR-WCM Document 47-1 Filed 07/19/21 Page 13 of 13