| | |
|---|---|
| ALBERT ROBINSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DAVID KEITH OAKS, ESQ., ) | |
| THE LAW FIRM OF DAVID K. OAKS, P.A., ) | |
| SECTION 23 PROPERTY OWNER'S ) | |
| ASSOCIATION, INC., ) | |
| FIVE OAKS INVESTMENTS, INC., ) | |
| THE DAVID K. OAKS PERSONAL TRUST, ) | |
| D. V. RAO, JOHN EDWARD SPAINHOUR, ) | |
| MCANGUS, GOUDELOCK & COURIE, PLLC, ) | |
| SECTION 23, PROPERTY OWNER'S ) | |
| ASSOCIATION, INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the following motions:

(1) Motion to Dismiss and Answer to First Amended Complaint of David K. Oaks, P.A. and Five Oaks Investments, Inc. (Doc. 34).

(2) Motion to Dismiss Plaintiff's First Amended Complaint by Section 23 (Doc. 37).

(3) Plaintiff's Motion to Disqualify Opposing Counsel/Defendants David K. Oak and John Edward Spainhour (the "Motion to Disqualify Counsel," Doc. 47).

(4) Plaintiff's Motion to Compel Opposing Counsel to Identify His Client and the Party Paying His Client's Attorney's Fees (the "Motion to Compel," Doc. 56).

(5) Plaintiff's Motion for Leave to Conduct Pre Rule 26 Discovery on

Defendant David K. Oaks (the "Motion for Early Discovery Regarding Rao," Doc. 58).

(6) Plaintiff's Motion for Leave to File a Surreply to Defendants' David K. Oaks, P.A. and Five Oaks Investments, Inc. Reply (the "Motion for Leave to File Surreply," Doc. 59).

(7) Plaintiff's Rule 60(b) Attack on the Void Orders Issued in the State and USDC and Submitted by the Defendants in Support of their Motion to Dismiss (the "Rule 60(b) Motion," Doc. 60).

(8) Rule 11 Motion Against Plaintiff Albert Robinson by Section 23, McAngus, Goudelock & Courie, PLLC, and John E. Spainhour (the "Rule 11 Motion," Doc. 62).

(9) Motion to Dismiss filed by McAngus Goudelock and Courie, PLLC and John E. Spainhour (Doc. 63).

(10) Plaintiff's Motion for Leave to Begin Using the NextGen E-File System on 08/30/2021 or in the Alternative Restrict Pro Se Litigant John Edward Spainhour from Using the Court E-Filing System and to Have Him Refile the E-Filed Papers Conventionally (the "Motion to E-File," Doc. 65).

(11) Plaintiff's Motion for Leave to Conduct Pre Rule 26 Discovery on Defendant David K. Oaks, P.A. and/or Section 23, Property Owner's Association, Inc. (the "Motion for Early Discovery Regarding Video Footage," Doc. 70).

(12) Plaintiff's "Brief in Support of Plaintiff's Emergency Motion for Leave to Conduct Pre-Rule 26 Discovery on Defendants Section 23, Property Owner's Association, Inc., Harvey Goldstein, Nancy Joan Peraine aka Nancy Marto, and Non-Defendants Dawn Marie Frank and Teresa Lynn Boucher and for the Court to Issue an Order for an Injunction Prohibiting the Destruction of any and all Records of both the Real and Fake the [sic] Defendants," which is construed as a separate request for early discovery. (Doc. 73).

(13) Plaintiff's Motion to Strike the Defendant's ECF Filed Doc. #76 Mis-Titled as "Notice of Supplemental Authority" (the "Motion to Strike," Doc. 77).

A hearing was conducted on all motions on September 9, 2021. Plaintiff, who is proceeding *pro se*, appeared for himself. David K. Oaks appeared on behalf of The Law Firm of David K. Oaks, P.A. and Five Oaks Investments, Inc. John E. Spainhour appeared on behalf of himself, as well as on behalf of McAngus, Goudelock & Courie, PLLC; Section 23, Property Owner's Association, Inc.; and Section 23 Property Owner's Association, Inc.

Following the hearing, the undersigned took the Motions to Dismiss (Docs. 34, 37, & 63), the Rule 11 Motion (Doc. 62), and the Rule 60(b) Motion (Doc. 60) under advisement.

Additionally, the undersigned ruled orally on certain motions. This Order memorializes those rulings.

With respect to Plaintiff's Motion to Disqualify Counsel (Doc. 47), Plaintiff withdrew this Motion as to Mr. Spainhour during the hearing. With respect to Mr. Oaks, Plaintiff has not established that disqualification pursuant to the North Carolina Rules of Professional Conduct is required. Accordingly, the Motion to Disqualify Counsel (Doc. 47) is deemed **WITHDRAWN** as to Mr. Spainhour and is **DENIED** as to Mr. Oaks.

Plaintiff's Motion to Compel (Doc. 56) is **DENIED**.

Considering Plaintiff's *pro se* status, Plaintiff's Motion for Leave to File Surreply (Doc. 59) is **GRANTED** and the Court will consider Plaintiff's Surreply (Doc. 59-1 at 6-17). It is unnecessary for Plaintiff to file his Surreply

3

Case 1:21-cv-00123-MR-WCM   Document 78   Filed 09/09/21   Page 3 of 4

again.

With respect to Plaintiff's Motions to conduct early discovery, Plaintiff has not established that early discovery is appropriate. See Teamworks Innovations, Inc. v. Starbucks Corporation, 1:19CV1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (applying good cause/reasonableness standard) (citing 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed. & Aug. 2019 Update)). Accordingly, to the extent Plaintiff seeks leave to conduct early discovery beyond that expressly allowed by the Federal Rules of Civil Procedure, the Motion for Early Discovery Regarding Rao (Doc. 58) and the Motion for Early Discovery Regarding Video Footage (Doc. 70) are **DENIED**. Plaintiff's "Brief in Support of Plaintiff's Emergency Motion for Leave to Conduct Pre-Rule 26 Discovery" (Doc. 73), which is construed as a motion, is also **DENIED** for the same reasons.

With respect to Plaintiff's Motion to E-File (Doc. 65), as Plaintiff has been receiving notice of the filings in this matter and has not shown any prejudice or an inability to file conventionally, the Motion is **DENIED**.

Finally, Plaintiff's Motion to Strike (Doc. 77) is **DENIED**.

It is so ordered.

Signed: September 9, 2021

W. Carleton Metcalf
United States Magistrate Judge