# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:21-cv-00123-MR-WCM

| | | |
|---|---|---|
| ALBERT ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| DAVID KEITH OAKS, ESQ., | ) | |
| THE LAW FIRM OF DAVID K. OAKS, P.A., | ) | |
| SECTION 23 PROPERTY OWNER'S | ) | |
| ASSOCIATION, INC., | ) | |
| FIVE OAKS INVESTMENTS, INC., | ) | |
| THE DAVID K. OAKS PERSONAL TRUST, | ) | |
| D. V. RAO, JOHN EDWARD SPAINHOUR, | ) | |
| MCANGUS, GOUDELOCK & COURIE, PLLC, | ) | |
| SECTION 23, PROPERTY OWNER'S | ) | |
| ASSOCIATION, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the undersigned on the following motions:

(1) "Motions to Dismiss and Answer to First Amended Complaint of David
   K. Oaks, P.A. and Five Oaks Investments, Inc." (the "Oaks, P.A. Motion
   to Dismiss," Doc. 34).

(2) "Motion to Dismiss Plaintiff's First Amended Complaint by Section 23"
   filed by "Section 23 Property Owners Association, Inc., a/k/a Section 23,
   Property Owners Association, Inc." (the "Section 23 Motion to Dismiss,"
   Doc. 37).

(3) "Plaintiff's Rule 60(b) Attack on the Void Orders Issued in the State and
   USDC and Submitted by the Defendants in Support of their Motion to
   Dismiss" (the "Rule 60(b) Motion," Doc. 60).

(4) "Rule 11 Motion Against Plaintiff Albert Robinson by: Section 23,
   McAngus, Goudelock & Courie, PLLC, and John E. Spainhour" (the

"Rule 11 Motion," Doc. 62).

(5) "Motion to Dismiss" filed by McAngus Goudelock and Courie, PLLC and John E. Spainhour (the "MGC Motion to Dismiss," Doc. 63).

(6) "Plaintiff's Motion for Default Judgment as to Defendant David K. Oaks and Objection to Defendant's Motion for an Extension to File a Response" (the "Motion for Default Judgment," Doc. 84).

(7) "Plaintiff's Motion for the Court to Confirm that Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. are Two Separate Entities" (the "Motion to Confirm," Doc. 85).

(8) "Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firm of McAngus, Goudelock & Couries and David K. Oaks, P.A." (the "Motion for Sanctions," Doc. 86).

(9) "Defendant David Keith Oaks, Esq.'s Motion to Dismiss Plaintiff's First Amended Complaint" (the "Attorney Oaks Motion to Dismiss," Doc. 87).

On September 9, 2021, a hearing was conducted on the motions then pending. Plaintiff, who is proceeding *pro se*, appeared for himself. David K. Oaks appeared on behalf of The Law Firm of David K. Oaks, P.A. ("Oaks, P.A.") and Five Oaks Investments, Inc. ("Five Oaks"). John E. Spainhour ("Spainhour") appeared on behalf of himself, as well as on behalf of McAngus, Goudelock & Courie, PLLC ("MGC"), Section 23, Property Owner's Association, Inc., and Section 23 Property Owner's Association, Inc.

Following the hearing, the undersigned ruled orally on certain motions. Those rulings were memorialized by subsequent written Order. See Doc. 78.

The undersigned took the then-pending Motions to Dismiss (Docs. 34, 37, & 63), the Rule 11 Motion (Doc. 62), and the Rule 60(b) Motion (Doc. 60) under

advisement.

On September 20, 2021, Plaintiff filed the Motion for Default Judgment, the Motion to Confirm, and the Motion for Sanctions. Docs. 84, 85, & 86.

On September 22, 2021, Oaks filed the Attorney Oaks Motion to Dismiss. Doc. 87.

## I. *Pro Se* Filings

As noted, Plaintiff is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted).

At the same time, the court cannot ignore a clear failure to allege facts which set forth a cognizable claim, and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

## II.    Background

This case is one of many instituted by Plaintiff following two prior matters filed against Plaintiff in Florida state court.

In the first state court suit, Section 23 Property Owner's Association, Inc. v. Jane B. Robinson and Albert M. Robinson, No. 11-3581-CA, 20th Judicial Circuit Court in and for Charlotte County, Florida (the "Deed Restriction Suit"), a permanent injunction was issued on September 16, 2014 requiring Plaintiff and his wife to maintain real property located in Punta Gorda Isles, Florida (the "Property") and abide by certain property restrictions. See Doc. 34-3 at 1-5.

In the second state court suit, Section 23 Property Owner's Association, Inc. v. Jane B. Robinson, individually and as Trustee of the Jane B. Robinson Revocable Trust dated May 15, 2008 and Albert M. Robinson and Anita Robinson, No. 14-601-CC, 20th Judicial Circuit Court in and for Charlotte County, Florida (the "Foreclosure Suit"), a final judgment of foreclosure was issued as to the Property on September 21, 2015. See Doc. 34-3 at 19-23.[1]

Defendant David Oaks of the Law Firm of Oaks, P.A. represented Section 23 Property Owner's Association, Inc. in the Deed Restriction Suit and

_____

[1] During the September 9, 2021 hearing, Oaks explained that the Foreclosure Suit was based on the failure to pay annual assessments and confirmed that the Property has been sold.

4

the Foreclosure Suit.

In subsequent state and federal litigation, Plaintiff has challenged Section 23 Property Owner's Association, Inc.'s actions related to the Property as well as Section 23 Property Owner's Association, Inc.'s ability to sue or otherwise participate in litigation. [2]

Certain of those cases have been dismissed for substantive reasons. See e.g., Anita Robinson and Albert M. Robinson v. Section 23 Property Owner's Association, Inc., et al., No. 2:12–cv–675–FtM–29CM, 2014 WL 4358486 (M.D. Fl. Sept. 2, 2014) (dismissing with prejudice plaintiffs' suit asserting claims of emotional distress, violations of the Fair Housing Act, the Racketeering Influenced Corrupt Organization Act (RICO), and plaintiffs' constitutional rights based on allegations that defendants' enforcement of deed restrictions was unlawful discrimination and part of a scheme to force plaintiffs to abandon the Property); see also Albert Robinson v. David Keith Oaks, Lisa Spader Porter, Section 23, Property Owner's Association, Inc., No. 15-12749-D, United

---

[2] Orders and filings related to Plaintiff's myriad suits against "Section 23" and related parties have been submitted in connection with the pending motions. The undersigned has taken judicial notice of these orders and filings. See Greene v. Mullis, 829 Fed. Appx. 604 (Mem) (4th Cir. 2020) (unpubl.) ("We may also consider authentic, relevant documents attached to the complaint and the motion to dismiss, and take judicial notice of matters of public record, including court orders and filings in Greene's prior cases"); Parker v. Homestead Studio Suites Hotel, No. 5:05–cv–69–BR, 2005 WL 3968291, at *1 (E.D.N.C. May 13, 2005) ("Despite the express language of Fed.R.Civ.P. 12(b), the district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment").

States Court of Appeals, 11th Circuit (holding that district court correctly dismissed Plaintiff's complaint as frivolous, and explaining that "[c]omplying with a court order to maintain property in accordance with deed restrictions is not tantamount to forced labor").

In other cases, courts have found venue to be improper, or that Plaintiff's claims were barred on other grounds. See Albert Robinson v. Section 23 Property Owner's Association, Inc., David K. Oaks, David K. Oaks, P.A., et al., No. 16-14127-CIV, 2016 WL 7638164 (S.D. Fla. Sept. 20, 2016), report and recommendation adopted, 2016 WL 7638163 (S.D. Fla. Oct. 14, 2016) (finding venue in the Southern District of Florida improper, denying transfer to the Middle District of Florida, granting defendants' various motions to dismiss without leave to amend, and noting, in addition to the lack of venue, that Plaintiff's RICO claims were "generalized and conclusory," and that there were issues of res judicata and abstention); Albert Robinson v. Section 23 Property Owner's Association, Inc. et al., No. 2:16-cv-888-FtM-38CM, 2017 WL 2779843, at *3 (M.D. Fl. June 27, 2017) (discussing certain of Plaintiff's claims as barred by the Rooker–Feldman doctrine, judicial immunity, or otherwise subject to dismissal for failure to state a claim and denying without prejudice Plaintiff's motion to proceed in forma pauperis); Albert Robinson v. Section 23 Property Owner's Association, Inc., et al., No. 1:16-cv-09384-NLH-JS, 2018 WL 6630513 (D.N.J. Dec. 18, 2018) (finding court could not exercise personal jurisdiction

over defendants, noting that it was "evident" that the federal venue provision had not been met, declining to transfer the suit to the Middle District of Florida, and dismissing Plaintiff's claims against all Defendants with prejudice).

In yet other cases, Plaintiff has voluntarily dismissed his claims. See e.g., Doc. 37-7 (Albert Robinson v. Karen L. Perry and Section 23, Property Owner's Association, Inc., Case No. 14-2162-CA, 20th Judicial Circuit Court in and for Charlotte County, Florida, Plaintiff's Notice of Voluntary Dismissal filed September 29, 2015); Doc. 37-11 (Albert Robinson v. Section 23 Property Owner's Association, Inc., Case No. 14-2270-CA, 20th Judicial Circuit in and for Charlotte County, Florida, Plaintiff's Notice of Dismissal filed June 4, 2015); Doc. 37-13 (Albert Robinson v. Section 23 Property Owner's Association, Inc., No. 4:15cv389-RH/CAS, United States District Court, Northern District of Florida, October 21, 2015 Order construing Plaintiff's response as a notice of voluntary dismissal pursuant to FRCP 41(a)(1)(i)).

## III. Relevant Procedural History

On April 29, 2021, Plaintiff filed the instant action against Oaks,[3] Oaks,

---

[3] During the hearing, Oaks represented that he only recently had been served with the Amended Complaint. Oaks' deadline to respond to the Amended Complaint was subsequently extended to September 25, 2021, Doc. 82, and he filed the Attorney Oaks Motion to Dismiss on September 22, 2021. Doc. 87. Although the deadline to respond to that Motion has not yet expired, because the issues are interrelated and a

P.A., Section 23 Property Owner's Association, Inc., Five Oaks, and The David K. Oaks Personal Trust (the "Trust").

On May 26, 2021, Spainhour filed a notice of appearance on behalf of Section 23 Property Owner's Association, Inc. Doc. 10. He subsequently made other filings and corresponded with Plaintiff.

On June 23, 2021, Plaintiff filed a First Amended Complaint adding Spainhour and his law firm, MGC, as well as "Section 23, Property Owner's Association, Inc.," and Dr. D.V. Rao ("Rao") as defendants. Doc. 30.

Plaintiff's Amended Complaint attempts to assert an action pursuant to RICO as well as the following additional claims for relief: (1) fraud, (2) forced labor, (3) criminal interference with fair housing; (4) malicious prosecution; and (5) intentional infliction of emotional distress. Id.

## IV. Discussion

These claims are based on Plaintiff's view that Oaks and Oak P.A. initiated lawsuits in the name of "Section 23 Property Owner's Association, Inc." (including the Deed Restriction and Foreclosure Suits) when such an entity did not actually exist. See Doc. 30 at 21 (alleging, in a "summary" of "racketeering activity" that Oaks, Oaks, P.A., Rao, Spainhour, and MGC committed mail fraud by sending bills, pleadings, and affidavits to Plaintiff

---

similar disposition appears warranted, the undersigned has considered the Attorney Oaks Motion to Dismiss in this Memorandum.

and committed wire fraud by e-filing in the name of "the ghost corporation");
see also Doc. 30 at 24, 27, 30-31, 32, & 33. Specifically, Plaintiff contends that
while "Section 23, Property Owner's Association, Inc." (which he refers to as
"Section 23 two commas") is a valid legal entity, "Section 23 Property Owner's
Association, Inc." (which he refers to as "Section 23 one comma") is not, and
therefore the previous state court suits (i.e., the Deed Restriction Suit and the
Foreclosure Suit) filed against him by "Section 23 one comma" were improper.
Plaintiff contends that the various defendants' use or representation of this
allegedly fictitious entity is fraudulent and improper.

Plaintiff has asserted this "fictious plaintiff" theory before other courts.
See 2016 WL 7638164, at *2 (S.D. Fla. Oct. 14, 2016) ("Plaintiff cites no court
ruling to-date that has found the renamed Section 23 POA to be a void entity
or to suffer any legal defects. For ease of reference, since it is immaterial to the
below analysis, this Court refers to both Section 23 POA entities that the
Plaintiff names as Defendants simply as the 'Section 23 POA'"); Doc. 37-10 at
64-65 (Robinson v. Section 23 Property Owner's Association, Inc., 12th Judicial
Circuit Court in and for Sarasota County, Florida, Case No. 16-CA-556 ("As a
preliminary finding in response to Plaintiff's assertions relative to the
existence of two (2) 'Section 23' entities distinguished by commas, the Court
finds there is but one (1) entity…."). During the September 9, 2021 hearing,
the undersigned asked Plaintiff whether any court had found that Section 23

9

Property Owner's Association, Inc. was not a legitimate entity. Plaintiff responded: "Not yet, but I'm working on it."

### A. Motions to Dismiss & Plaintiff's Rule 60(b) Motion

On July 6, 2021, Oaks, P.A. and Five Oaks filed the Oaks, P.A. Motion to Dismiss arguing that Plaintiff's claims against them should be dismissed for lack of personal jurisdiction and improper venue. Alternatively, these Defendants assert that Plaintiff's claims should be transferred to the United States District Court for the Middle District of Florida. Doc. 34.

That same day, "Section 23 Property Owners Association, Inc., a/k/a Section 23, Property Owners Association, Inc." filed the Section 23 Motion to Dismiss, arguing that Plaintiff's claims should be dismissed based on the doctrine of *res judicata* and because the Amended Complaint fails to state a claim. Doc. 37.

On July 30, 2021, Spainhour and MGC filed the MGC Motion to Dismiss. Doc. 63. In that motion, these Defendants argue that Plaintiff's claims are "utterly implausible and frivolous," that the Amended Complaint is an impermissible shotgun pleading, that this Court lacks jurisdiction to set aside the orders issued in the Deed Restriction Suit or the Foreclosure Suit pursuant to the Rooker-Feldman doctrine, and that certain of Plaintiff's claims are otherwise barred, either by the rulings of other courts which have considered

10

Plaintiff's claims or because there is no private right of action for those claims.[4]

On September 22, 2021, Oaks filed the Attorney Oaks Motion to Dismiss. Doc. 87. Therein, Oaks argues that Plaintiff's Amended Complaint should be dismissed based on the principles of *res judicata* and because the Amended Complaint otherwise fails to state a claim.

Because the potential applicability of the <u>Rooker-Feldman</u> doctrine raises a question of subject matter jurisdiction, the undersigned has considered that issue first.

### 1. The <u>Rooker-Feldman</u> Doctrine

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. <u>See</u> 28 U.S.C. § 1257(a); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923).

As a corollary to this rule, the <u>Rooker-Feldman</u> doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994). The <u>Rooker-Feldman</u> doctrine is a "narrow doctrine" that "applies only when the

---

[4] Additionally, these Defendants incorporate by reference the Section 23 Motion to Dismiss.

loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Davani v. Virginia Dept. of Transp., 434 F.3d 712 (4th Cir. 2006). "A claim seeking redress for an injury caused by the state-court decision itself—even if the basis of the claim was not asserted to the state court—asks the federal district court to conduct an appellate review of the state-court decision." Davani, 434 F.3d at 719.

Here, although Plaintiff alleges an ongoing conspiracy related to the use of a non-existent entity to commit fraud on Plaintiff, this matter is, for the most part, an attack on the validity of the orders issued by the state courts of Florida in the Deed Restriction Suit and the Foreclosure Suit. Specifically, Plaintiff contends that all such orders are invalid because those state court actions were initiated by a plaintiff that did not exist.

Consequently, Plaintiff's claims against Section 23 Property Owner's Association, Inc., Section 23, Property Owner's Association, Inc., Oaks, P.A., Five Oaks, and Oaks in this matter are barred by the Rooker-Feldman doctrine. See Robinson, 2017 WL 2779843 at *3 ("Pursuant to the Rooker–Feldman doctrine, this Court has no jurisdiction to set aside any alleged 'void orders' in" the Foreclosure and Deed Restriction Suit); see also Smally v. Shapiro & Burson, LLP, 526 Fed. Appx. 231, 238, 2013 WL 1613219, at *7 (4th Cir. April 16, 2013) (unpubl.) ("Appellants seek to re-litigate matters that are

"inextricably intertwined" with judgments entered by the state court in the foreclosure actions. Such actions are barred by the Rooker–Feldman doctrine"); Sealy v. U.S. Bank National Assoc., No. 3:20-cv-431-RJC-DSC, 2021 WL 1178063, at *5 (W.D.N.C. March 29, 2021) ("In the context of a state court foreclosure proceeding, Rooker–Feldman prohibits claims brought in federal court that may succeed only to the extent that the state court wrongly decided the foreclosure action") (internal quotations omitted); Wilkie v. Nationstar Mortgage LLC, No. 1:19-cv-00052-MR-WCM, 2019 WL 5021277, at *5 (W.D.N.C. Oct. 8, 2019) (although couched in terms of fraud and breach of contract, plaintiff's amended complaint was an attempt to challenge the validity of foreclosure proceedings initiated against him and therefore the Rooker-Feldman doctrine applied); Dingle v. Khan, No. 5:19-CV-129-D, 2020 WL 2120010, at *6 (E.D.N.C. Feb. 20, 2020) (collecting cases); Grantham v. U.S. Bank Nat. Ass'n, No. 5:14–CV–00485–BR, 2015 WL 3618617, *4 (E.D.N.C. June 9, 2015) ("The injuries plaintiffs allege in this case result from alleged improprieties in the state court foreclosure proceedings, including but not limited to the allegations that defendant unlawfully initiated foreclosure proceedings." "The *Rooker–Feldman* doctrine prohibits this court from making such a determination").

Therefore, the undersigned will recommend that Plaintiff's Amended Complaint be dismissed without prejudice for lack of subject matter

jurisdiction with respect to Plaintiff's claims against Section 23 Property Owner's Association, Inc., Section 23, Property Owner's Association, Inc., Oaks, P.A., Five Oaks, and Oaks. See Southern Walk at Broadlands Homeowner's Association, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

As for the claims against Spainhour and MGC, these parties were named as defendants in Plaintiff's Amended Complaint based on Mr. Spainhour's representation of Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. in the instant matter. Although Plaintiff contends that Spainhour and MGC are "continuing" the alleged fraud that Plaintiff believes occurred relative to the Deed Restriction and Foreclosure Suits (by filing pleadings on behalf of the allegedly nonexistent entity), Plaintiff does not allege that Spainhour or MGC had any involvement in the underlying conduct in Florida.[5] Because Plaintiff's claims against Spainhour

---

[5] Plaintiff's pleadings reflect this fact, as his claims against Spainhour and MGC are for fraud (based on defendants' filing of "falsified pleadings" and "false representations"), malicious prosecution (based on the allegation that Spainhour and MGC "joined into the unlawful litigation afterwards"), and intentional infliction of emotional distress.

and MGC are not based on litigation of the Deed Restriction and Foreclosure Suit, but rather new conduct occurring in this district, the undersigned concludes that the <u>Rooker-Feldman</u> doctrine should not apply to those claims.

## 2. Venue

Plaintiff's Amended Complaint also raises venue concerns. 28 USC 1391(b) provides:

> A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, Plaintiff alleges that Oaks, P.A. is a "Florida corporation having a shell office in the state of Florida" and that "Section 23, Property Owner's Association, Inc." is a "legally registered Florida property owner's association." Doc. 30 at 3 & 5. Accordingly, while certain Defendants are residents of North Carolina, not all named Defendants are residents of this state.

Next, it appears that the primary events underlying Plaintiff's claims occurred in Florida. See <u>Robinson v. Section 23 Property Owner's Association, Inc.</u>, 1:18-cv-09658-NLH-JS, 2019 WL 413535, at *4 (D.N.J. Jan. 31, 2019) ("Even though Plaintiff alleges a fraud scheme that has reached an

international scale, all of the underlying activities that cultivated the alleged scheme occurred in Florida, with Florida residents, or others who purposely availed themselves to Florida, over a Florida property….Consequently, as argued by the majority of Defendants, the venue for Plaintiff's complaint is improper" in New Jersey). Indeed, the parties' representations during the September 9, 2021 hearing suggest that the only reason this matter was filed in this district is because Oaks has retired to this area.

Other courts that have considered Plaintiff's claims have determined that venue is proper in either the Florida state courts or the Middle District of Florida. See Robinson v. Section 23 Property Owner's Association, Inc., No. 16-14127, 2016 WL 7638164, at *5 (S.D. Fl. Sept. 21, 2016) (explaining that court previously found, in Plaintiff's first lawsuit filed in the Southern District of Florida, that venue was improper and that case should be transferred to the Middle District of Florida, and recommending Plaintiff's second suit be dismissed for lack of venue), report and recommendation adopted, 2016 WL 7638163 (S.D. Fl. Oct. 17, 2016); Doc. 27-8 (Judicial Notice of Plaintiff's state court filings, including Case No. 2014-CA-2345, in which court found that venue properly resided in Charlotte County, Florida).

The undersigned likewise finds that this district is an improper venue for Plaintiff's claims against Section 23 Property Owner's Association, Inc., Section 23, Property Owner's Association, Inc., Oaks, P.A., Five Oaks, and

Oaks.

Pursuant to 28 U.S.C. §1406(a), courts are required to "dismiss, or if it be in the interest of justice, transfer" such a case "to any district or division in which it could have been brought." Under the circumstances presented, as an alternative to dismissal pursuant to the Rooker-Feldman doctrine, the undersigned will recommend that Plaintiff's claims against Section 23 Property Owner's Association, Inc., Section 23, Property Owner's Association, Inc., Oaks, P.A., Five Oaks, and Oaks be dismissed without prejudice for improper venue and that Plaintiff's claims not be transferred.

### 3. Claims Against Spainhour and MGC

As discussed above, Plaintiff's claims against these defendants are based on Spainhour's representation of Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. in this matter. Plaintiff does not allege, and neither the record nor the information presented during the September 9, 2021 hearing indicate, that Plaintiff's claims against these defendants are based on anything other than this representation. See Doc. 86-1 at 2 ("After [Spainhour] acted to deceive the Court and the Plaintiff by filing an answer for the fictional Defendant Section 23 one comma the Plaintiff filed an amended complaint to add [Spainhour] and his law firm MGC into the case for aiding [Oaks] in the fraud scheme").

The undersigned will therefore recommend that Plaintiff's claims

against Spainhour and MGC be dismissed with prejudice for failure to state a claim. See Carter v. Norfolk Community Hosp. Assoc., 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion."); see also Gayles El v. State of North Carolina Inc., No. 1:20-cv-00125-MR, 2020 WL 6050575 at *2 (W.D.N.C. Oct. 13, 2020) ("The dismissal will be with prejudice because amendment would be futile"); Field v. GMAC LLC, 660 F.Supp.2d 679, 690 (E.D. Va. 2008) ("In light of the extensive history of related litigations preceding this case, allowing plaintiff to amend his complaint would be futile").

### 4. Rule 60(b) Motion

In addition to responding to the Motions to Dismiss filed in July of 2021, Plaintiff also filed the Rule 60(b) Motion, wherein he asks the Court to "grant the Plaintiff Rule 60 relief from void state court orders brought into this instant case." Doc. 60 at 1. In support of this Motion, Plaintiff again argues that the Florida state court judges lacked jurisdiction in the Deed Restriction Suit and the Foreclosure Suit because those actions were filed by a "non-existent" entity. Doc. 60-1 at 7. Additionally, Plaintiff attacks the Foreclosure Suit based on an allegedly related bankruptcy proceeding and procedural problems relative to both the Deed Restriction and Foreclosure Suits which he contends rendered subsequently state court orders in those matters void. Doc. 60-1 at 8.

As set forth above, the undersigned finds that this Court lacks subject matter jurisdiction to consider most of Plaintiff's claims pursuant to the <u>Rooker-Feldman</u> doctrine. Accordingly, Plaintiff's attack on the validity of the orders entered in the Deed Restriction Suit and/or Foreclosure Suit cannot properly be asserted here, and the undersigned will therefore recommend that Plaintiff's Rule 60(b) Motion be denied.

### B. Rule 11 Motion

In the Rule 11 Motion, "Section 23 Property Owner's Association, Inc. a/k/a Section 23, Property Owner's Association, Inc.," MGC, and Spainhour move for the following sanctions: (1) an award to Section 23 of its reasonable fees, costs, and expenses; (2) an injunction prohibiting Plaintiff from filing any civil action in this court; and (3) and injunction prohibiting Plaintiff "from filing any civil action against SECTION 23 PROPERTY OWNER'S ASSOCIATION, INC. a/k/a SECTION 23, PROPERTY OWNER'S ASSOCIATION, INC., and all its privies, including but not limited to McAngus Goudelock and Courie, PLLC, and Mr. John E. Spainhour, in any state or federal court in the United States of America." Doc. 62 at 2.[6]

During the hearing, however, Mr. Spainhour explained that these Defendants are primarily requesting an order prohibiting Plaintiff from filing

---

[6] These Defendants rely on Rule 11 of the Federal Rules of Civil Procedure as well as the All Writs Act, 28 U.S.C. 1651.

similar litigation in any federal or state court in the country. Consequently, the undersigned considers whether a prefiling injunction is appropriate.

"While 'pro se pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions' pro se litigants must still abide by Rule 11, and they may be sanctioned for its violation." <u>Johnson v. EEOC Charlotte District Office</u>, No. 3:15-cv-00148-RJC-DSC, 2016 WL 3514456, at *2 (W.D.N.C. June 27, 2016) (quoting <u>Peggs v. Ingle</u>, No. 1:09-cv-327, 2009 WL 3208420, at *3 (M.D.N.C. Sept. 20, 2009)). In addition to Rule 11, the All Writs Act grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants. <u>Id</u>. (citing <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817 (4th Cir. 2004)). "While a separate hearing or opportunity to be heard is not usually required before imposing Rule 11 sanctions, a court 'must afford a litigant notice and an opportunity to be heard' before issuing a prefiling injunction against him." <u>Id</u>. (citing <u>Green v. Foley</u>, 907 F.2d 1137 (4th Cir. 1990); <u>Cromer</u>, 390 F.3d at 819).[7]

When determining whether to issue a prefiling injunction, the Court

---

[7] Here, Plaintiff argues that Rule 11 sanctions are inappropriate because Spainhour and MGC failed to provide him with a signed motion in conjunction with their "safe harbor" letter, and that the Rule 11 Motion that was ultimately filed was different in material respects from the draft that was sent previously. <u>See</u> Doc. 66 (citing Federal Rule of Civil Procedure 11(c)(2)). Plaintiff does not discuss the All Writs Act.

must consider:

> all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

> Cromer, 390 F.3d at 818.

Because of due process concerns, a prefiling injunction must be "narrowly tailored to fit the specific circumstances at issue" in each case. Id. "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

### 1. Plaintiff's History of Litigation

As discussed, this case is not the first time Plaintiff has asserted claims related to the Deed Restriction Suit or the Foreclosure Suit. See e.g. Robinson v. Section 23 Property Owner's Association, Inc., et al., No. 2:12–cv–675–FtM–29CM, 2014 WL 4358486 (M.D. Fl. Sept. 2, 2014); Robinson v. Section 23 Property Owner's Association, Inc., 2016 WL 7638164 (S.D. Fl. Sept. 21, 2016); Doc. 27-8 (Albert Robinson v. Section 23, Property Owner's Assoc., Inc., et al.,

Case No. 2017-CA-001340, 12th Judicial Circuit in and for Sarasota County, Florida, Order (1) Taking Judicial Notice of Civil Cases Filed, Pro Se, by Plaintiff in this Court; and (2) Prohibiting Plaintiff from Commencing New Civil Actions, Pro Se, Without Prior Authorization).

Further, with respect to his claims regarding "Section 23" and associated individuals or entities, Plaintiff has previously been prohibited from filing freely in other courts. Doc. 27-8. Specifically, both the 12th Judicial Circuit Court in Florida and the United States District Court for the District of New Jersey have entered orders precluding Plaintiff from filing without pre-authorization. See Doc. 27-8 ("Plaintiff appears neither willing nor able to accept that his legal arguments, as formulated, lack merit"); see also Doc. 76-3 (Albert Robinson v. Section 23 Property Owner's Association, Inc. et al., Case No. 2D21-2367, in the District Court of Appeal of the State of Florida, Second District) (stating Plaintiff had initiated over thirty-five appeals or original proceedings in that court related to his dispute with Section 23 Property Owner's Association, Inc. or associated individuals and requiring Plaintiff to show cause "why this court should not direct the clerk of this court to reject any pleadings related to the lower tribunal case numbers identified in this order unless the filing is related to a pending case or submitted by a licensed Florida Attorney")).

As stated by the Honorable Noel L. Hillman, District Judge for the

District of New Jersey,

> Plaintiff has filed dozens of the same cases against a repetitive and ever-growing list of defendants, with all those cases being dismissed, primarily because of the venue Plaintiff has chosen to bring his claims once he was barred from Florida state court, which had fully adjudicated Plaintiff's claims on the merits. (See Docket No. 70 at 182-197.) This Court finds that in the interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets, an injunction against Plaintiff from litigating his claims concerning the money laundering fraud scheme against any defendant he believes is liable for that scheme without first obtaining permission from this Court may be warranted.

2018 WL 6630513 at *9.[8]

### 2. Whether Plaintiff Has a Good Faith Basis for Pursuing Litigation

In addition to filing more cases, Plaintiff has expanded the list of defendants that he names. This pattern has continued here, where he purports to name over 4,000 "additional defendants" other than those named in the caption. See Doc. 30-1.

Further, on June 18, 2021, Spainhour sent Plaintiff a letter stating that he planned to file a Rule 11 motion against Plaintiff unless Plaintiff filed a

---

[8] Plaintiff's ability to file has also been limited in cases unrelated to his dispute with "Section 23." See Doc. 62-8 (Harris County, et al. v. Albert Robinson a/k/a Albert M. Robinson, et al., No. 2014-49892, 281st Judicial District, Harris County, Texas, Order precluding Plaintiff from filing any litigation unless he first obtained an order "from the appropriate local administrative judge" permitting the filing).

23

stipulation of dismissal within twenty-one days. Doc. 62-2. That same day, Plaintiff responded by email stating "I just see you as just another attorney assisting David K. Oaks in the longest running fraud scheme in the history of the US," that "[y]ou will have to just file motions to ban me in every court Oaks sent any illegal demand letters to and then in Canada too," and closing with "I look forward to failing against you in court." Doc. 62-4. Less than a week later, on June 23, 2021, Plaintiff filed his Amended Complaint naming Spainhour and MGC as defendants. Doc. 30.

### 3. Burden on the Court and Other Parties

Plaintiff's extensive history of litigation regarding the Deed Restriction Suit and the Foreclosure Suit presumably has resulted in a burden upon the parties named as defendants, as well as the courts that have considered his various suits. Plaintiff's filings in this case alone are voluminous, and the undersigned has spent significant time, including conducting an in-person hearing and reviewing Plaintiff's additional filings after that hearing, considering this matter.

### 4. Alternative Sanctions

Other courts have entered pre-filing injunctions against Plaintiff, and the undersigned has closely considered whether the imposition of a pre-filing review is appropriate here.

However, because this is the first case Plaintiff has filed in this district

and considering the undersigned's recommendation that Plaintiff's claims be dismissed, the undersigned is hesitant to recommend a prefiling injunction which would bar Plaintiff from future filings in this district, or as more broadly requested in the Rule 11 Motion, filings in other courts. See Robinson, 2018 WL 6630513 at *9 n. 16 ("Defendants seek that the Court enjoin Plaintiff from bringing his claims in any forum. This Court, however, can only exercise its jurisdiction to issue a litigation preclusion order in this District").

However, the undersigned will recommend that Plaintiff be advised that the Court has the inherent authority to require a litigious filer to pay monetary sanctions, that courts have substantial discretion in fashioning an appropriate sanction for litigants, including a prefiling injunction, and that making further filings that lack merit may result in appropriate adverse consequences, including but not limited to, the imposition of a prefiling review against him. See Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); Armstrong v. Koury Corp., 16 F.Supp.2d 616, 620 (M.D.N.C. 1998).

### C. Motions Filed by Plaintiff Following the September 9, 2021 Hearing

On September 20, 2021, Plaintiff filed the Motion for Default Judgment, Motion to Confirm, and Motion for Sanctions. Docs. 84, 85, & 86.

### 1. Motion for Default Judgment

Plaintiff contends that Oaks was "properly served" on May 6, 2021 and

therefore that a default judgment should be entered against Oaks. Doc. 84 at 1; see also Doc. 84-1 at 3 (wherein Plaintiff asserts that Oaks "concedes" that he was served on May 10, 2021).[9]

Generally, to obtain a default judgment, a party must first obtain an entry of default against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).[10] Here, the clerk has not entered default under Rule 55(a), nor would such an entry be appropriate.

Plaintiff has not submitted any evidence indicating that Oaks was properly served in May of 2021, and in any event, Oaks' deadline to answer or otherwise respond to Plaintiff's Amended Complaint was extended through and including September 25, 2021, Doc. 82, and on September 22, 2021, Oaks filed the Attorney Oaks Motion to Dismiss. Doc. 87. See Hudson v. State of N.C., 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a)").

---

[9] Plaintiff relies on a Motion for Extension of Time filed by Oaks, Oaks, P.A., and Five Oaks to support his assertion that Oaks concedes he was served in May. In that filing, however, Oaks stated that he had "not been served in any manner and no request for Waiver of Service has been received." Doc. 7 at 2. Considering that representation, the undersigned denied the Motion for Extension of Time with respect to Oaks as premature. See Doc. 8.

[10] Plaintiff was previously advised of the requirements regarding default judgment by this Court on July 19, 2021, when Plaintiff's Motion for Default Judgment Against Section 23 Property Owner's Association, Inc. was denied. See Doc. 45. In that July 19, 2021 Order, Plaintiff was "cautioned against making future such frivolous filings without basis in law or fact" and advised that although he was proceeding pro se, he "is subject to the Rules of Civil Procedure and the Local Rules." Doc. 45 at 4.

26

The undersigned will therefore recommend that Plaintiff's Motion for Default Judgment be denied.

## 2. Motion to Confirm

By the Motion to Confirm, Plaintiff asks this Court "to issue an order confirming for the purpose of this instant suit, that the legally registered corporation known as "'Section 23, Property Owner's Association, Inc.' is a complete and separate legally registered corporate entity, as opposed to 'Section 23 Property Owner's Association, Inc.' which is the non-existent unregistered shell entity...." Doc. 85 at 1.

In support of this Motion, Plaintiff states that he is providing the Court with "relevant history" regarding various "Section 23" entities created in or otherwise tied to Florida, see Doc. 85-1 at 2-4, and argues that this Court should "confirm" the determination of Florida's 12th Judicial Circuit Court, that there is "only one 'Section 23.'" Doc. 85-1 at 7 (citing Doc. 37-10 at 64-65 (Robinson v. Section 23 Property Owner's Association, Inc., 12th Judicial Circuit Court in and for Sarasota County, Florida, Case No. 16-CA-556 ("As a preliminary finding in response to Plaintiff's assertions relative to the existence of two (2) 'Section 23' entities distinguished by commas, the Court finds there is but one (1) entity....")).

Consistent with the recommended disposition of the Motions to Dismiss discussed above, the undersigned will recommend that the Motion to Confirm

27

be denied.

### 3. Motion for Sanctions

Plaintiff asserts that Spainhour and MGC for "intentionally signed pleadings that they knew to be false and [sic] to cover up the fraud scheme started and ran by Defendant David K. Oaks and his accomplices." Doc. 86 at 1. Specifically, Plaintiff relies on Spainhour's filing of documents in this matter on behalf of Section 23 Property Owner's Association, Inc.

However, there is no indication that Plaintiff has complied with the requirements of Rule 11. Further, Plaintiff's Motion for Sanctions is based on the same fictitious plaintiff theory discussed above. The undersigned will therefore recommend that Plaintiff's Motion for Sanctions be denied.

### D. Service on Rao and The David K. Oaks Personal Trust

Finally, although Plaintiff has named Rao and The Trust as defendants, there is nothing in the record to indicate that Plaintiff has served those parties. During the September 9, 2021 hearing, Plaintiff argued that he needed additional information regarding the identity and location of Rao to effect service on him. While Plaintiff asserted that Oaks would have this information, Oaks represented that he did not know who Rao was.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the

28

complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The undersigned therefore will recommend that Plaintiff be advised that unless good cause is shown for his failure to effect service of Summonses and the Amended Complaint on Rao and/or the Trust, Plaintiff's claims against these parties will be dismissed without prejudice.

## V.     Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

(1) The Motion to Dismiss and Answer to First Amended Complaint of David K. Oaks, P.A. and Five Oaks Investments, Inc. (Doc. 34), the Motion to Dismiss Plaintiff's First Amended Complaint by Section 23 (Doc. 37), the Motion to Dismiss filed by McAngus Goudelock and Courie, PLLC and John E. Spainhour (Doc. 63), and Defendant David Keith Oaks, Esq.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 87) be **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. That Plaintiff's claims against Section 23 Property Owner's Association, Inc., Section 23, Property Owner's Association, Inc., The Law Firm of David K. Oaks, P.A., Five Oaks Investments, Inc., and David Keith Oaks be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

   b. Alternatively, that Plaintiff's claims against Section 23 Property Owner's Association, Inc., Section 23, Property Owner's Association, Inc., The Law Firm of David K. Oaks, P.A., Five Oaks

29

Investments, Inc., and David Keith Oaks be **DISMISSED WITHOUT PREJUDICE** for improper venue and not transferred.

    c. That Plaintiff's claims against John Edward Spainhour and McAngus, Goudelock & Courie, PLLC be **DISMISSED WITH PREJUDICE**.

(2) Plaintiff's Rule 60(b) Attack on the Void Orders Issued in the State and USDC and Submitted by the Defendants in Support of their Motion to Dismiss (Doc. 60) be **DENIED**.

(3) The Rule 11 Motion Against Plaintiff (Doc. 62) be **DENIED WITHOUT PREJUDICE**, but that Plaintiff be **ADMONISHED** that the Court has the inherent authority to require a litigious filer to pay monetary sanctions, that courts have substantial discretion in fashioning an appropriate sanction for litigants, including a prefiling injunction, and that making further filings that lack merit may result in appropriate adverse consequences, including but not limited to, the imposition of a prefiling review against him.

(4) Plaintiff's Motion for Default Judgment as to Defendant David K. Oaks and Objection to Defendant's Motion for an Extension to File a Response (Doc. 84) be **DENIED**.

(5) Plaintiff's Motion for the Court to Confirm that Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. are Two Separate Entities (Doc. 85) be **DENIED**.

(6) Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firm of McAngus, Goudelock & Couries and David K. Oaks, P.A. (Doc. 86) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that that Plaintiff be advised that unless good cause is shown for his failure to effect service of Summonses and the Amended Complaint on D. V. Rao and/or The David K. Oaks Personal Trust, Plaintiff's claims against these parties will be dismissed without prejudice.

Signed: September 24, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).