IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00123-MR-WCM

| | |
|---|---|
| ALBERT ROBINSON, ) )  Plaintiff, ) ) vs. ) ) ) DAVID K. OAKS, et al., ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiff's Objection to Doc. #113 Pursuant to F.R.Civ. P. 72(a), and Request for Review by the USDC Judge" [Doc. 121] and the "Plaintiff's Objection to Doc. #129 Pursuant to F.R.Civ. P. 72(a), and Request Review by the USDC Judge and Withdraw of Consent for the Magistrate Judge to Make a Ruling" [Doc. 132].

**I.    BACKGROUND**

On April 29, 2021, the Plaintiff, Albert Robinson ("Plaintiff"), initiated this action against Defendants David Keith Oaks, Esq. ("Oaks"), Five Oaks Investments, Inc. ("Five Oaks"), The David K. Oaks Personal Trust, The Law Firm of David K. Oaks, P.A. ("Oaks, P.A."), and Section 23 Property Owner's Association, Inc.  [Doc. 1].  On June 23, 2021, the Plaintiff filed an Amended

Complaint, joining Defendants John Edward Spainhour ("Spainhour"), McAngus, Goudelock & Courie, PLLC ("MGC"), D. V. Rao, and Section 23, Property Owner's Association, Inc., (i.e., adding a comma) to this action. [Doc. 30]. In his Amended Complaint, the Plaintiff brings claims related to two prior lawsuits (the "Deed Restriction Suit" and the "Foreclosure Suit") filed against him by Section 23 Property Owner's Association, Inc. in Florida state courts. The Plaintiff alleges that the Defendants have engaged in "a complex and covert fraud scheme" by filing the Deed Restriction and Foreclosure Suits and continuing to file court documents using the name "Section 23 Property Owner's Association, Inc." because the Plaintiff alleges that "Section 23 Property Owner's Association, Inc." is a fictional corporation and only "Section 23, Property Owner's Association, Inc." (with the comma) is a legitimate legal entity. [See id. at 2].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider several motions currently pending before the Court, including motions to dismiss filed by several of the Defendants [Docs. 34, 37, 63, 87], the "Plaintiff's Rule 60(b) Attack on the Void Orders Issued in the State and USDC and Submitted by the Defendants in Support of their Motion to Dismiss" [Doc. 60], the "Plaintiff's Motion for Default

2

Judgment as to Defendant David K. Oaks and Objection to Defendant's Motion for an Extension to File a Response" [Doc. 84], the "Plaintiff's Motion for the Court to Confirm that Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. are Two Separate Entities" [Doc. 85], the "Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firms of McAngus, Goudelock & Couries [sic] and David K. Oaks, P.A." [Doc. 86], and the "Rule 11 Motion Against Plaintiff Albert Robinson by Section 23, McAngus, Goudelock & Courie, PLLC, and John E. Spainhour" [Doc. 62]. On September 24, 2021, the Magistrate Judge issued a Memorandum and Recommendation [Doc. 90] regarding the disposition of those motions, and, on October 1, 2021, the Plaintiff filed his "Response and Objections to the Memorandum and Recommendation" [Doc. 92].

The Plaintiff's Objections to the Memorandum and Recommendation as well as the "Plaintiff's [Second] Motion for Sanctions against Attorneys John Edward Spainhour, David K. Oaks, the Law Firms of McAngus, Goudelock & Couries [sic] and David K. Oaks, P.A." [Doc. 109], the "Second Motion for Rule 11 Sanctions" [Doc. 127] filed by Defendants Spainhour and MGC, the "Plaintiff's Motion for Leave to File a Surreply to Defendant's Doc. #131" [Doc. 134], the Plaintiff's "Motion for Extension of Time" [Doc. 135],

3

and the "Plaintiff's request to the U.S.D.C. Judge for a Ruling so that the Case Can Proceed" [Doc. 138] are addressed by the Court in a separate Order entered contemporaneously herewith.

After the Magistrate Judge issued the Memorandum and Recommendation, the Plaintiff filed a "Motion for the Court to Appoint the United States Attorney Pursuant to 25 U.S.C. 175" ("Motion to Appoint") [Doc. 110] on November 5, 2021 and a "Motion to Amend his Complaint to Add Essential Defendants and in the Interest of the Ends of Justice" ("Motion for Leave to File a Second Amended Complaint") [Doc. 128] on December 6, 2021. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Magistrate Judge was designated to consider the Motion to Appoint and the Motion for Leave to File a Second Amended Complaint. On November 9, 2021, the Magistrate Judge issued an Order [Doc. 113] denying the Motion to Appoint, and, on December 8, 2021, the Magistrate Judge issued an Order [Doc. 129] denying the Motion for Leave to File a Second Amended Complaint. The Plaintiff now objects to the Magistrate Judge's Orders denying the Motion to Appoint and the Motion for Leave to File a Second Amended Complaint. [Docs. 121, 132].

## II. STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L.Ed. 746 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

## III. DISCUSSION

### A. Objection to Magistrate Judge's Order Denying Plaintiff's Motion to Appoint

The Plaintiff moved for the appointment of the United States Attorney to represent him in this case pursuant to 25 U.S.C. § 175, which provides that "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." [Doc. 110]; 25 U.S.C. § 175. The Magistrate Judge issued an Order denying the Plaintiff's Motion to Appoint, reasoning that the appointment of the United States Attorney under 25 U.S.C. § 175 is discretionary, and "although Plaintiff claims to be of Cherokee ancestry, he

5

has not established that appointment of the United States Attorney as his counsel in this matter would be appropriate." [Doc. 113 at 3]. The Plaintiff now objects to the Magistrate Judge's Order denying his Motion to Appoint. [Doc. 121]. In his Objection, the Plaintiff argues that "[c]ourts have slowly misconstrued the true meaning and purpose of 25 U.S.C. 175 by mistakenly, if not intentionally, claiming that 'shall' only imparted a discretionary obligation to the DOJ to represent Indians…." [Id. at 3].

Federal courts have held that appointment of a United States Attorney is discretionary under 25 U.S.C. § 175. Oviatt v. Reynolds, 733 F. App'x 929, 931 (10th Cir. 2018) ("[A]ppointment under the statute is not mandatory."); Robinson v. New Jersey Mercer Cnty. Vicinage-Family Div., 514 F. App'x 146, 151 (3d Cir. 2013) ("[T]he unanimous weight of authority suggests that the duty of representation contained [in 25 U.S.C. § 175] is discretionary, not mandatory."); Tsosie v. Dunbar, 504 F. App'x 75, 78 (3d Cir. 2012) ("25 U.S.C. § 175 does not impose a mandatory duty on the U.S. Attorney's office...."); Shoshone Bannock Tribes v. Reno, 56 F.3d 1476, 1481 (D.C. Cir. 1995) (holding that 25 U.S.C. § 175 "imposes only a discretionary duty of representation"); Siniscal v. United States, 208 F.2d 406, 410 (9th Cir. 1953) ("We think 25 U.S.C.A. § 175 is not mandatory and that its purpose is no more than to insure the Indians adequate

6

representation in suits to which they might be parties."). Accordingly, the Plaintiff has not shown that the Magistrate Judge's Order denying his Motion to Appoint is "clearly erroneous or contrary to law," and his Objection is, therefore, overruled.

### B. Objection to Magistrate Judge's Order Denying Plaintiff's Motion for Leave to File a Second Amended Complaint

The Plaintiff also moved for leave to file a Second Amended Complaint to join additional defendants to this action and provide additional details about the alleged fraud scheme allegedly carried out by the Defendants. [Doc. 128]. The Magistrate Judge issued an Order denying the Plaintiff's Motion for Leave to File a Second Amended Complaint as futile. [Doc. 129]. The Plaintiff now objects to the Magistrate Judge's Order denying his Motion for Leave to File a Second Amended Complaint. [Doc. 132]. In his Objection, the Plaintiff continues to reassert his theory that Section 23 Property Owner's Association, Inc. is a fictious entity, states that he is withdrawing his Motion for Leave to File a Second Amended Complaint, and states that he "is not objecting on the denial of [his] motion to amend[,] but [he is] objecting [because] the Magistrate Judge has it seems made up his mind that this instant case should be dismissed based upon the findings of the previous courts." [Id. at 1, 15-17]. However, the Plaintiff also states that

he is asking the Court "to vacate the [Magistrate Judge's] [O]rder denying [his] request to amend…." [Id. at 17].

To the extent that the Plaintiff is objecting to the Magistrate Judge's recommendation to dismiss his claims against some of the Defendants,[1] the Court has considered the Plaintiff's Objections [Doc. 92] to the Memorandum and Recommendation [Doc. 90] in a separate Order and has held that the Magistrate Judge's conclusions of law regarding those claims are correct and are consistent with current case law.

To the extent that the Plaintiff is objecting to the Magistrate Judge's denial of his Motion for Leave to File a Second Amended Complaint, Rule 15 of the Federal Rules of Civil Procedure provides that courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend should be denied only where it would be prejudicial,

---

[1] In a Memorandum and Recommendation, the Magistrate Judge recommended that the Plaintiff's claims against Section 23 Property Owner's Association, Inc.; Section 23, Property Owner's Association, Inc.; Five Oaks; Oaks; and Oaks, P.A. be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine or, in the alternative, improper venue, and that the Plaintiff's claims against MGC and Spainhour be dismissed with prejudice for failure to state a claim. [Doc. 90 at 29-30]. The Magistrate Judge also recommended that the Plaintiff "be advised that unless good cause is shown for his failure to effect service of Summonses and the Amended Complaint on Rao and/or the Trust," those claims will also be dismissed without prejudice. [Id. at 29]. In a separate Order being entered contemporaneously herewieh, this Court dismisses all of the Plaintiff's claims against all of the Defendants.

there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

As explained by the Magistrate Judge in the Memorandum and Recommendation, the Rooker-Feldman doctrine prevents a losing party in state court from "seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." [Doc. 90 at 11] (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L.Ed.2d 775 (1994)). "[I]f in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual, Rooker-Feldman is implicated." Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 236 (4th Cir. 2013) (internal quotation marks and citation omitted).

Here, the Plaintiff's Motion for Leave to File a Second Amended Complaint continues to reassert the Plaintiff's theory that Section 23 Property Owner's Association, Inc. is a fictional legal entity, seeks to join thirteen additional defendants who allegedly aided Section 23 Property Owner's Association, Inc. and Oaks in carrying out the alleged fraud, and seeks to provide additional details about the alleged fraud scheme. [See Doc. 128-1

9

Case 1:21-cv-00123-MR-WCM   Document 143   Filed 02/08/22   Page 9 of 11

at 1-2; see also Doc. 128-2 at 6-10]. Under the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction to consider the allegations raised in the Plaintiff's Second Amended Complaint because, by continuing to allege that those Defendants who brought or aided the Deed Restriction and Foreclosure Suits in Florida committed fraud, the Plaintiff is, in essence, attacking the validity of orders issued by the state courts of Florida in the Deed Restriction and Foreclosure Suits. See Smalley, 526 F. App'x at 236 ("Although Appellants do not seek to 'undo' the state court judgment foreclosing on their homes, permitting their case to go forward would, in essence, hold that the state court judgments which affirmed the legal fees and commissions and held the allegedly false affidavits sufficient to warrant foreclosure [were] in error. This is not proper under Rooker-Feldman because their federal causes of action are 'inextricably intertwined' with the state court foreclosure actions."). Accordingly, the Plaintiff's amendment is futile, and the Plaintiff's Objection to the Magistrate Judge's denial of his Motion for Leave to File a Second Amended Complaint is overruled.

## ORDER

**IT IS, THEREFORE, ORDERED** that the "Plaintiff's Objection to Doc. #113 Pursuant to F.R.Civ. P. 72(a), and Request for Review by the USDC Judge" [Doc. 121] is **OVERRULED** and the Magistrate Judge's Order [Doc.

10

Case 1:21-cv-00123-MR-WCM   Document 143   Filed 02/08/22   Page 10 of 11

113] denying "Plaintiff's Motion for the Court to Appoint the United States Attorney Pursuant to 25 U.S.C. 175" [Doc. 110] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the "Plaintiff's Objection to Doc. #129 Pursuant to F.R.Civ. P. 72(a), and Request Review by the USDC Judge and Withdraw of Consent for the Magistrate Judge to Make a Ruling" [Doc. 132] is **OVERRULED** and the Magistrate Judge's Order [Doc. 129] denying "Plaintiff's Motion to Amend His Complaint to Add Essential Defendants and in the Interest of the Ends of Justice" [Doc. 128] is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: February 7, 2022

Martin Reidinger
Chief United States District Judge