# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:21-cv-00123-MR-WCM

| | | |
|---|---|---|
| **ALBERT ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| **DAVID K. OAKS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following:

(1)     Defendant The Law Firm of David K. Oaks, P.A. ("Oaks, P.A.")
and Defendant Five Oaks Investments, Inc.'s ("Five Oaks") "Motions to
Dismiss and Answer to First Amended Complaint of David K. Oaks, P.A. and
Five Oaks Investments, Inc." (the "Oaks, P.A. Motion to Dismiss") [Doc. 34];

(2)     Defendant Section 23 Property Owner's Association, Inc.'s
("Section 23") "Motion to Dismiss Plaintiff's First Amended Complaint by
Section 23" (the "Section 23 Motion to Dismiss")[1] [Doc. 37];

---

[1] In the Section 23 Motion to Dismiss, Defendant Section 23 notes that, although the
Plaintiff has named "Section 23, Property Owner's Association, Inc." and "Section 23
Property Owner's Association, Inc." as separate Defendants in his Amended Complaint,
"for the purposes of responding to the allegations in the First Amended Complaint, this
motion to dismiss is on behalf of 'both' Section 23 entities, even though there is but one,

(3)     The "Plaintiff's Rule 60(b) Attack on the Void Orders Issued in the State and USDC and Submitted by the Defendants in Support of their Motion to Dismiss" ("Plaintiff's Rule 60(b) Motion") [Doc. 60];

(4)     Defendant Section 23, Defendant McAngus, Goudelock & Courie, PLLC ("MGC"), and Defendant John E. Spainhour's ("Spainhour") "Rule 11 Motion Against Plaintiff Albert Robinson by Section 23, McAngus, Goudelock & Courie, PLLC, and John E. Spainhour" (the "MGC First Rule 11 Motion") [Doc. 62];

(5)     Defendant MGC and Defendant Spainhour's "Motion to Dismiss" (the "MGC Motion to Dismiss") [Doc. 63];

(6)     The "Plaintiff's Motion for Default Judgment as to Defendant David K. Oaks and Objection to Defendant's Motion for an Extension to File a Response" ("Plaintiff's Motion for Default Judgment") [Doc. 84];

(7)     The "Plaintiff's Motion for the Court to Confirm that Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. are Two Separate Entities" ("Plaintiff's Motion to Confirm") [Doc. 85];

---

as the punctuation in the name of the Defendant Section 23 Property Owner's Association, Inc. with one comma or two commas is a distinction without a difference." [Doc. 37 at 1-2]. Accordingly, the Court uses "Section 23" throughout this Order to refer to both "Section 23 Property Owner's Association, Inc.," and "Section 23, Property Owner's Association, Inc."

2

(8) The "Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firms of McAngus, Goudelock & Courie[s] [sic], and David K. Oaks, P.A." ("Plaintiff's First Motion for Sanctions") [Doc. 86];

(9) "Defendant David Keith Oaks, Esq.'s ("Oaks") Motion to Dismiss Plaintiff's First Amended Complaint" (the "Attorney Oaks Motion to Dismiss") [Doc. 87];

(10) The Magistrate Judge's Memorandum and Recommendation regarding the motions listed above [Doc. 90];

(11) The "Plaintiff's Response and Objection to the Memorandum and Recommendation" [Doc. 92];

(12) The "Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firms of McAngus, Goudelock & Couries [sic], and David K. Oaks, P.A." ("Plaintiff's Second Motion for Sanctions") [Doc. 109];

(13) Defendant MGC and Defendant Spainhour's "Second Motion for Rule 11 Sanctions" (the "MGC Second Rule 11 Motion") against the Plaintiff [Doc. 127];

(14) The "Plaintiff's Motion for Leave to File a Surreply to Defendants' Doc. #131" ("Motion for Leave to File a Surreply") [Doc. 134];

(15)   The Plaintiff's "Motion for Extension of Time" [Doc. 135]; and

(16)   The "Plaintiff's Request to the U.S.D.C. Judge for a Ruling so that the Case Can Proceed" [Doc. 138].

## I.   BACKGROUND

On April 29, 2021, the Plaintiff, Albert Robinson ("Plaintiff"), initiated this action against Defendants Oaks, Five Oaks, The David K. Oaks Personal Trust, Oaks, P.A., and Section 23 Property Owner's Association, Inc. [Doc. 1]. On June 23, 2021, the Plaintiff filed an Amended Complaint, joining Defendants Spainhour, MGC, D. V. Rao, and Section 23, Property Owner's Association, Inc. to this action. [Doc. 30].

This case seems to have its origins in litigation regarding real property located in the State of Florida once owned by the Plaintiff's mother, Jane Robinson. In the first case, Section 23 Property Owner's Assoc., Inc., v. Jane B. Robinson and Albert M. Robinson, No. 11-3581-CA, 20th Judicial Circuit in and for Charlotte County, Florida (the "Deed Restriction Suit"), a Florida state court issued an injunction on September 16, 2014 requiring Jane Robinson and the Plaintiff, who lived on his mother's property, to maintain the property and abide by property restrictions. [See Doc. 34-3 at 1-5]. In the second case, Section 23 Property Owner's Association, Inc. v. Jane B. Robinson, individually and as Trustee of the Jane B. Robinson

Revocable Trust dated May 15, 2018 and Albert M. Robinson and Anita Robinson, No. 14-601-CC, 20th Judicial Circuit Court in and for Charlotte County, Florida (the "Foreclosure Suit"), a Florida state court issued a final judgment of foreclosure on the property on September 21, 2015. [See Doc. 34-3 at 19-23]. The property was later sold. [See Doc. 90 at 4 n.1].

In his Amended Complaint, the Plaintiff asserts claims related to the Deed Restriction Suit and the Foreclosure Suit initiated against him by Defendant Section 23 Property Owner's Association, Inc. Specifically, the Plaintiff alleges that "Section 23 Property Owner's Association, Inc.," referred to by the Plaintiff as "Section 23 one comma," is a "fictional, non-existent, ghost corporation created by [Defendant Oaks] . . . as a vehicle to extort cash and real estate" through various criminal acts. [Doc. 30 at 4]. The Plaintiff asserts that only "Section 23, Property Owner's Association, Inc.," referred to by the Plaintiff as "Section 23 two commas," is a legitimate legal entity. [Id. at 5]. The Plaintiff further alleges that the Defendants have engaged in "a complex and covert fraud scheme" by filing the Deed Restriction and Foreclosure Suits in Florida and by continuing to file various court documents under the name of the allegedly fictional entity, "Section 23 Property Owner's Association, Inc." [Id. at 2].

The Plaintiff has pursued litigation asserting his "fictitious plaintiff" theory in numerous state and federal courts across the country. [See e.g. Doc. 27-8 (Albert M. Robinson v. Section 23, Property Owner's Assoc., Inc., et al., Case No. 2017-CA-001340, 12th Judicial Circuit in and for Sarasota County, Florida, Order (1) Taking Judicial Notice of Civil Cases Filed, Pro Se, by Plaintiff in this Court; and (2) Prohibiting Plaintiff from Commencing New Civil Actions, Pro Se, Without Prior Authorization); Doc. 76-3 (Albert M. Robinson v. Section 23 Property Owner's Assoc., Inc., et al., Case No. 2D21-2367, in the District Court of Appeal of the State of Florida, Second District (noting that the Plaintiff has initiated "over thirty-five appeals or original proceedings" related to Section 23 Property Owner's Association, Inc., or associated individuals))]; see also Robinson v. Section 23 Property Owner's Assoc., Inc., et al., No. 16-14127-CIV-MARTINEZ/LYNCH, 2016 WL 7638164 (S.D. Fl. Sept. 20, 2016); Robinson v. Section 23 Property Owner's Assoc., Inc., et al., No. 1:16-CV-09384-NLH-JS, 2018 WL 6630513 (D.N.J. Dec. 18, 2018). The Plaintiff filed the present action in the Western District of North Carolina because Defendant Oaks resides in North Carolina. [Doc. 1 at 5].

Several of the Defendants have moved to dismiss the Plaintiff's Amended Complaint, arguing that the Plaintiff's claims against them should

be dismissed: for lack of personal jurisdiction and improper venue [See Oaks, P.A. Motion to Dismiss, Doc. 34], for failure to state a claim [See Section 23 Motion to Dismiss, Doc. 37; see also MGC Motion to Dismiss, Doc. 63; Attorney Oaks Motion to Dismiss, Doc. 87], under the doctrine of *res judicata* [See Section 23 Motion to Dismiss, Doc. 37; see also MGC Motion to Dismiss, Doc. 63; Attorney Oaks Motion to Dismiss, Doc. 87], and for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine [See MGC Motion to Dismiss, Doc. 63].

Furthermore, on July 30, 2021, the Plaintiff filed a Rule 60(b) Motion arguing that "all courts in the state of Florida lacked jurisdiction to continue to adjudicate [actions brought by Section 23 against the Plaintiff] and all of the orders issued by any Florida judges . . . are void…." [Doc. 60-1 at 4]. On the same day, Defendants Section 23, MGC, and Spainhour filed the MGC First Rule 11 Motion for Sanctions [Doc. 62] against the Plaintiff. On September 20, 2021, the Plaintiff also filed a Motion for Default Judgment [Doc. 84] against Defendant Oaks, a Motion to Confirm [Doc. 85] "Section 23 Property Owner's Association, Inc." and "Section 23, Property Owner's Association, Inc." as separate legal entities, and a First Motion for Sanctions [Doc. 86] against Defendants Spainhour, Oaks, MGC, and Oaks, P.A.

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Oaks, P.A. Motion to Dismiss [Doc. 34], the Section 23 Motion to Dismiss [Doc. 37], Plaintiff's Rule 60(b) Motion [Doc. 60], the MGC First Rule 11 Motion [Doc. 62], the MGC Motion to Dismiss [Doc. 63], Plaintiff's Motion for Default Judgment [Doc. 84], Plaintiff's Motion to Confirm [Doc. 85], Plaintiff's First Motion for Sanctions [Doc. 86], and the Attorney Oaks Motion to Dismiss [Doc. 87]. On September 24, 2021, the Magistrate Judge issued a Memorandum and Recommendation regarding the disposition of these motions. [Doc. 90]. On October 1, 2021, the Plaintiff filed a "Response and Objection to the Memorandum and Recommendation." [Doc. 92]. On October 15, 2021, Defendant Section 23, Defendant Spainhour, and Defendant MGC filed a response to those Objections. [Doc. 94].

After the Magistrate Judge issued the Memorandum and Recommendation, the Plaintiff filed his Second Motion for Sanctions [Doc. 109] against Defendants Spainhour, Oaks, MGC, and Oaks, P.A. on November 5, 2021, and Defendants MGC and Spainhour filed the MGC Second Rule 11 Motion [Doc. 127] against the Plaintiff on December 3, 2021. On December 22, 2021, the Plaintiff also filed a Motion for Leave to File a

Surreply [Doc. 134] to Spainhour and MGC's "Reply to [Plaintiff's] Response to Motion for Rule 11 Sanctions Against the Plaintiff," and, on December 29, 2021, the Plaintiff filed a "Motion for Extension of Time" [Doc. 135] requesting that the Court delay ruling on the MGC Second Rule 11 Motion. Most recently, on January 7, 2022, the Plaintiff filed a "Request to the U.S.D.C. Judge for a Ruling so that the Case Can Proceed." [2] [Doc. 138].

## II. DISCUSSION

### A. Objections to the Magistrate Judge's Memorandum and Recommendation

The Magistrate Judge recommended that the Section 23 Motion to Dismiss [Doc. 37], the Oaks, P.A. Motion to Dismiss [Doc. 34], and the Attorney Oaks Motion to Dismiss [Doc. 87] be granted in part and denied in part and that the Plaintiff's claims against Section 23, Oaks, P.A., Five Oaks, and Oaks be dismissed without prejudice for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine or, in the alternative, for improper venue. [Doc. 90 at 29-30]. The Magistrate Judge also recommended that the MGC Motion to Dismiss [Doc. 63] be granted in part

---

[2] Further, the Plaintiff has filed Objections [Docs. 121, 132] to the Magistrate Judge's Orders [Docs. 113, 129] denying the "Plaintiff's Motion for the Court to Appoint the United States Attorney Pursuant to 25 U.S.C. 175" [Doc. 110] and the "Plaintiff's Motion to Amend His Complaint to Add Essential Defendants and in the Interest of the Ends of Justice" [Doc. 128]. The Court has addressed those Objections in a separate Order entered contemporaneously herewith.

9

and denied in part and that the Plaintiff's claims against MGC and Spainhour be dismissed with prejudice for failure to state a claim. [Doc. 90 at 30]. The Magistrate Judge further recommended that the Plaintiff's Rule 60(b) Motion [Doc. 60] be denied, the Plaintiff's Motion for Default Judgment [Doc. 84] be denied, the Plaintiff's Motion to Confirm [Doc. 85] be denied, and the Plaintiff's First Motion for Sanctions [Doc. 86] be denied. [Doc. 90 at 29, 30]. The Magistrate Judge also recommended that the MGC First Rule 11 Motion [Doc. 62] be denied without prejudice, but that the Plaintiff be admonished that the Court has the inherent authority and discretion to impose sanctions on litigious filers, including imposing monetary sanctions or establishing a prefiling review system. [Doc. 90 at 30].

The Plaintiff has filed Objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 92]. In his filing, the Plaintiff spends significant time simply restating the allegations and legal theories asserted in his Amended Complaint. Such "objections" do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327, F. Supp. 2d 743, 747 (E.D. Mich. Apr. 14, 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). However, the Plaintiff also raises three specific Objections to the Magistrate Judge's Memorandum and Recommendation: (1) that the Magistrate Judge incorrectly took "judicial notice of numerous unauthenticated 'orders and filings' that have been submitted by [Spainhour] and [Oaks] in connection with the pending motions," (2) that the Magistrate Judge incorrectly determined that venue is improper for some of the Plaintiff's claims, and (3) that the Magistrate Judge incorrectly applied the <u>Rooker-Feldman</u> doctrine to some of the Plaintiff's claims.[3]  [Doc. 92 at 14, 22-23].

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law.  Accordingly, the Court overrules the Plaintiff's Objections and accepts the Magistrate Judge's

---

[3] The Plaintiff also objects to Defendant Spainhour and Defendant Oaks' use of the Court's electronic filing system and asks the Court to strike documents that Spainhour and Oaks have filed electronically.  [Doc. 92 at 4-5].  However, the Magistrate Judge did not make a recommendation as to whether Spainhour and Oaks may use the electronic filing system in the Memorandum and Recommendation.  Rather, the Magistrate Judge has issued separate Orders denying the Plaintiff's numerous motions requesting permission to use the Court's electronic filing system or seeking to restrict Spainhour and Oaks' use of the electronic filing system.  [Docs. 78, 98, 106].  The Plaintiff has not appealed these Orders.  Accordingly, because the Plaintiff's "objection" does not object to a finding or conclusion in the Memorandum and Recommendation, the Court will not consider it here.

recommendation that all of the Plaintiff's claims against Section 23, Oaks, P.A., Five Oaks, and Oaks be dismissed without prejudice; that all of the Plaintiff's claims against MGC and Spainhour be dismissed with prejudice; that the Plaintiff's Rule 60(b) Motion be denied; that the Plaintiff's Motion for Default Judgment be denied; that the Plaintiff's Motion to Confirm be denied; that the Plaintiff's First Motion for Sanctions be denied; and that the MGC First Rule 11 Motion be denied without prejudice.

### B. Plaintiff's Claims Against Defendants D. V. Rao and The David K. Oaks Personal Trust

The Magistrate Judge also recommended that the "Plaintiff be advised that unless good cause is shown for his failure to effect service of Summons and the Amended Complaint on [Defendant D. V.] Rao and/or [The David K. Oaks Personal] Trust, Plaintiff's claims against these parties will be dismissed without prejudice." [Doc. 90 at 29]. The Plaintiff did not raise objections to this portion of the Magistrate Judge's Memorandum and Recommendation. [See Doc. 92].

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). As courts of limited jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010)

(citations omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 68 L.Ed. 362 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L.Ed.2d 775 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). "If in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment

ineffectual, <u>Rooker-Feldman</u> is implicated." <u>Smalley v. Shapiro & Burson,</u> <u>LLP</u>, 526 F. App'x 231, 236 (4th Cir. 2013) (internal quotation marks and citation omitted).

In the Plaintiff's Amended Complaint, he alleges that Defendant Rao engaged in the alleged fraud scheme by participating in the Deed Restriction Suit filed against the Plaintiff by Section 23 Property Owner's Association, Inc. in Florida. [<u>See</u> Doc. 30 at 5, 13]. The Plaintiff also alleges that Defendant The David K. Oaks Personal Trust is owned by Defendant Oaks and has collected proceeds from the alleged fraud scheme. [<u>See</u> <u>id.</u> at 4, 9, 13]. The Plaintiff's claims against Rao and The David K. Oaks Personal Trust directly arise from the Plaintiff's theory that the Deed Restriction and Foreclosure Suits were fraudulently initiated and are a continuation of the Plaintiff's attack on the state court judgments issued in those lawsuits. Therefore, in part for the same reason articulated in the Memorandum and Recommendation for dismissing the Plaintiff's claims against Defendants Section 23, Oaks, Five Oaks, and Oaks, P.A. [<u>see</u> Doc. 90 at 11-14], the Plaintiff's claims against Defendants Rao and The David K. Oaks Personal Trust are similarly barred by the <u>Rooker-Feldman</u> doctrine. Accordingly, the Court rejects the Magistrate Judge's recommendation that the Plaintiff be directed to show good cause for his failure to effect service of Summonses

and the Amended Complaint on Rao and The David K. Oaks Personal Trust, and all of the Plaintiff's claims against Rao and The David K. Oaks Personal Trust are dismissed without prejudice for lack of subject matter jurisdiction.

### C. Plaintiff's Second Motion for Sanctions

After the Magistrate Judge issued the Memorandum and Recommendation, the Plaintiff filed a Second Motion for Sanctions [Doc. 109] against Defendants Spainhour, Oaks, MGC, and Oaks, P.A. on November 5, 2021. In support of the Plaintiff's Second Motion for Sanctions, the Plaintiff asserts substantially the same argument that the Plaintiff asserted in his First Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure: that Spainhour, Oaks, MGC, and Oaks, P.A. engaged in a "willful and concerted pattern of deception" by fabricating court filings and other records to show that Section 23 Property Owner's Association, Inc. is a legitimate legal entity. [Doc. 109-1 at 5]. The Plaintiff now "move[s] the Court to impose sanctions under its own inherent power" and requests that the Court award him expenses in the amount of $1.00. [Id. at 1, 9].

District courts have an inherent power to issue sanctions that is not governed by rules of procedure or statutes but by the control vested in courts to manage their affairs in such a way as to efficiently dispose of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L.Ed.2d

27 (1991). "The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax [sanctions] against a party who has litigated in bad faith, it may certainly assess [sanctions] against counsel who willfully abuse judicial processes." In re Crescent City Estates, LLC, 588 F.3d 822, 831 (4th Cir. 2009) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S. Ct. 2455, 65 L.Ed.2d 488 (1980)).

Here, the Plaintiff bases his Second Motion for Sanctions on the same "fictitious plaintiff" theory on which he bases his entire case. However, as noted by the Magistrate Judge, the Plaintiff admits that no court has found that Section 23 Property Owner's Association, Inc. is an illegitimate entity. [See Doc. 90 at 9-10]. Moreover, aside from simply continuing to reassert his frivolous and unsupported theory that Section 23 Property Owner's Association, Inc. is a fictitious entity, the Plaintiff has failed to show that Spainhour, Oaks, MGC, and Oaks, P.A. litigated in bad faith or abused judicial processes. Accordingly, the Plaintiff's Second Motion for Sanctions against Spainhour, Oaks, MGC and Oaks, P.A. is denied.

### D.   The MGC Second Rule 11 Motion

After the Magistrate Judge issued the Memorandum and Recommendation, Defendant MGC and Defendant Spainhour filed the MGC Second Rule 11 Motion [Doc. 127] seeking sanctions against the Plaintiff.

The Plaintiff also filed a Motion for Leave to File a Surreply [Doc. 134] to Spainhour and MGC's "Reply to [Plaintiff's] Response to Motion for Rule 11 Sanctions Against the Plaintiff" and a "Motion for Extension of Time" [Doc. 135] requesting "an Order from the Court extending the time for the Court to rule on Defendants' improperly and untimely served Document 127 until" the Plaintiff receives advice from the Federal Rules Committee regarding whether the MGC Second Rule 11 Motion was timely served.

In the MGC Second Rule 11 Motion, MGC and Spainhour argue that since the Magistrate Judge issued the Memorandum and Recommendation recommending that the MGC First Rule 11 Motion be denied, the Plaintiff has filed an additional thirteen "frivolous, meritless filings." [Doc. 127 at 1]. According to MGC and Spainhour, the "Plaintiff has continuously abused the judicial process by filing meritless and repetitive actions without any good faith basis for pursuing the litigation." [Id. at 2-3]. Accordingly, MGC and Spainhour request that this Court enter an order enjoining the Plaintiff from filing any pro se civil action in this Court and imposing a monetary penalty on the Plaintiff. [Id. at 3].

Rule 11(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing,

submitting, or later advocating it—an attorney or
unrepresented party certifies that to the best of the
person's knowledge, information, and belief, formed
after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose,
such as to harass, cause unnecessary delay, or
needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are
warranted by existing law or by a nonfrivolous
argument for extending, modifying, or reversing
existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary
support after a reasonable opportunity for further
investigation or discovery; and

(4) the denials of factual contentions are warranted on
the evidence or, if specifically so identified, are
reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to

respond, the Court determines that any provision of Rule 11(b) has been

violated, the Court may impose sanctions on the party responsible for the

violation. Fed. R. Civ. P. 11(c)(1).

A prefiling injunction, however, is "a drastic remedy" which courts must

use "sparingly." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th

Cir. 2004). Therefore, the Court "should not in any way limit a litigant's

access to the courts absent 'exigent circumstances, such as a litigant's

continuous abuse of the judicial process by filing meritless and repetitive

18

actions.'" Id. at 817-18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).  The "'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The Fourth Circuit has adopted the following factors to consider when determining whether a prefiling injunction is warranted:

> (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818 (citing Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).  If the Court determines that these factors weigh in favor of issuing a prefiling injunction, the Court "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue."  Id. at 818. Further, the Court must ensure that the litigant is afforded notice and an opportunity to be heard prior to an injunction being imposed. Id. at 819.

Here, the Plaintiff has an extensive history of litigation regarding the Deed Restriction Suit and the Foreclosure Suit.  In addition to the instant lawsuit, the Plaintiff has also pursued litigation asserting his "fictitious

plaintiff" theory in numerous other state and federal courts. [See e.g. Doc. 27-8 (Albert M. Robinson v. Section 23, Property Owner's Assoc., Inc., et al., Case No. 2017-CA-001340, 12th Judicial Circuit in and for Sarasota County Florida, Order (1) Taking Judicial Notice of Civil Cases Filed, Pro Se, by Plaintiff in this Court; and (2) Prohibiting Plaintiff from Commencing New Civil Actions, Pro Se, Without Prior Authorization); Doc. 76-3 (Albert M. Robinson v. Section 23 Property Owner's Assoc., Inc., et al., Case No. 2D21-2367, in the District Court of Appeal of the State of Florida, Second District (stating that Plaintiff has "initiated over thirty-five appeals or original proceedings in this court relating to his dispute with Section 23 Property Owner's Association, Inc., or associated individuals."))]; see also Robinson v. Section 23 Property Owner's Assoc., Inc., et al., No. 16-14127-CIV-MARTINEZ/LYNCH, 2016 WL 7638164 (S.D. Fl. Sept. 20, 2016); Robinson v. Section 23 Property Owner's Assoc., Inc., et al., No. 1:16-CV-09384-NLH-JS, 2018 WL 6630513, at *9 (D.N.J. Dec. 18, 2018) ("Plaintiff has filed dozens of the same cases against a repetitive and ever-growing list of defendants…."). Moreover, both the 12th Judicial Circuit Court in Florida and the District of New Jersey have entered orders imposing a prefiling review system upon the Plaintiff. [See Doc. 27-8 at 14]; see also Robinson

v. Section 23 Property Owner's Assoc., Inc., No. 1:16-CV-09384-NLH-JS, 2019 WL 277593, at *2 (D.N.J. Jan. 22, 2019).

Further, whether the Plaintiff has a good faith basis for continuing to pursue litigation asserting his "fictitious plaintiff" theory is questionable as the Plaintiff admits that no court has found that Section 23 Property Owner's Association, Inc. is, in fact, a fictitious entity. [See Doc. 90 at 9-10]. Additionally, the Plaintiff's extensive history of litigation regarding the alleged fraud scheme has unquestionably resulted in a burden both upon the Defendants as they must repeatedly defend themselves against the same arguments in various courts and upon the courts that expend limited judicial resources considering the Plaintiff's numerous lawsuits.

However, because this is the first action the Plaintiff has filed in the Western District of North Carolina and in light of the Court's dismissal of the entirety of the Plaintiff's Amended Complaint, the Court will not enjoin the Plaintiff from bringing pro se civil actions in the Western District of North Carolina or impose a monetary penalty at this time. Accordingly, the MGC Second Rule 11 Motion is denied. Instead, the Plaintiff is placed on notice that the Court has the inherent authority to impose appropriate sanctions on litigious filers, including requiring litigants to pay monetary sanctions or imposing a prefiling injunction. The Plaintiff is hereby advised that making

further filings that lack merit may result in sanctions, including, but not limited to, the imposition of a prefiling review system against him.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)    The Memorandum and Recommendation [Doc. 90] is **ACCEPTED IN PART** and **REJECTED IN PART;**

(2)    The "Plaintiff's Response and Objection to the Memorandum and Recommendation" [Doc. 92] is **OVERRULED;**

(3)    The "Motion to Dismiss and Answer to First Amended Complaint of David K. Oaks, P.A. and Five Oaks Investments, Inc." [Doc. 34] is **GRANTED IN PART** and **DENIED IN PART** such that all of the Plaintiff's claims against The Law Firm of David K. Oaks, P.A. and Five Oaks Investments, Inc. are **DISMISSED WITHOUT PREJDUICE** for lack of subject matter jurisdiction and for improper venue;

(4)    The "Motion to Dismiss Plaintiff's First Amended Complaint by Section 23" [Doc. 37] is **GRANTED IN PART** and **DENIED IN PART** such that all of the Plaintiff's claims against Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for improper venue;

22

(5)    "Defendant David Keith Oaks, Esq.'s Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 87] is **GRANTED IN PART** and **DENIED IN PART** such that all of the Plaintiff's claims against David K. Oaks are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and for improper venue;

(6)    The "Motion to Dismiss" [Doc. 63] filed by McAngus, Goudelock & Courie, PLLC and John E. Spainhour is **GRANTED** such that all of the Plaintiff's claims against McAngus, Goudelock & Courie, PLLC and John E. Spainhour are **DISMISSED WITH PREJUDICE** for failure to state a claim;

(7)    "The Plaintiff's Rule 60(b) Attack on the Void Orders Issued in the State and USDC and Submitted by the Defendants in Support of their Motion to Dismiss" [Doc. 60] is **DENIED;**

(8)    The "Rule 11 Motion Against Plaintiff Albert Robinson by Section 23, McAngus, Goudelock & Courie, PLLC, and John E. Spainhour" [Doc. 62] is **DENIED;**

(9)    The "Plaintiff's Motion for Default Judgment as to Defendant David K. Oaks and Objection to Defendant's Motion for an Extension to File a Response" [Doc. 84] is **DENIED;**

(10)  The "Plaintiff's Motion for the Court to Confirm that Section 23 Property Owner's Association, Inc. and Section 23, Property Owner's Association, Inc. are Two Separate Entities" [Doc. 85] is **DENIED;**

(11)  The "Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firms of McAngus, Goudelock & Couries [sic] and David K. Oaks, P.A." [Doc. 86] is **DENIED;** and

(12)  All of the Plaintiff's claims against Defendants D. V. Rao and The David K. Oaks Personal Trust are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that:

(1)   The "Plaintiff's Motion for Sanctions Against Attorneys John Edward Spainhour, David K. Oaks, the Law Firms of McAngus, Goudelock & Couries [sic] and David K. Oaks, P.A." [Doc. 109] is **DENIED;**

(2)   The "Second Motion for Rule 11 Sanctions" [Doc. 127] filed by McAngus, Goudelock, & Courie, PLLC and John E. Spainhour is **DENIED WITHOUT PREJUDICE,** but that the Plaintiff is **ADMONISHED** that the Court has the inherent authority to require a litigious filer to pay monetary sanctions, that the Court has substantial discretion in fashioning an appropriate sanction for litigants, and that making further filings that lack

merit may result in appropriate adverse consequences, including, but not limited to, the imposition of a prefiling review system against him;

(3)     The "Plaintiff's Motion for Leave to File a Surreply to Defendant's Doc. #131" [Doc. 134] is **DENIED;**

(4)     The Plaintiff's "Motion for Extension of Time" [Doc. 135] is **DENIED;** and

(5)     The "Plaintiff's Request to the U.S.D.C. Judge for a Ruling so that the Case Can Proceed" [Doc. 138] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed: February 7, 2022

Martin Reidinger
Chief United States District Judge