IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00123-MR-WCM

ALBERT ROBINSON,                )
                                )
                    Plaintiff,  )
                                )
        vs.                     )       **ORDER**
                                )
DAVID K. OAKS, et al.,          )
                                )
                    Defendants. )
_____ )

**THIS MATTER** is before the Court on the "Plaintiff's Rule 59(e) Motion for the Court to Alter or Amend the Orders, Doc. #144 and Doc. #145" [Doc. 148] and the "Plaintiff's Objection to Doc. #143" [Doc. 147], which the Court construes as a Motion for Reconsideration.

On April 29, 2021, the Plaintiff, Albert Robinson ("Plaintiff"), initiated this action against Defendants David Keith Oaks, Esq.; Five Oaks Investments, Inc.; The David K. Oaks Personal Trust; The Law Firm of David K. Oaks, P.A.; and Section 23 Property Owner's Association, Inc. [Doc. 1]. On June 23, 2021, the Plaintiff filed an Amended Complaint, joining Defendants John Edward Spainhour; McAngus, Goudelock & Courie, PLLC; D. V. Rao; and Section 23, Property Owner's Association, Inc., (i.e., adding a comma) to this action. [Doc. 30].

On September 24, 2021, the Honorable W. Carleton Metcalf, United States Magistrate Judge, issued a Memorandum and Recommendation recommending that most of the Plaintiff's claims be dismissed. [Doc. 90]. The Plaintiff objected to the Memorandum and Recommendation. [Doc. 92]. On February 8, 2022, the Court entered an Order dismissing the Plaintiff's Amended Complaint [Doc. 144], and, the following day, the Clerk's office entered a Judgment in accordance with that Order [Doc. 145].

Further, on November 5, 2021, the Plaintiff filed a "Motion for the Court to Appoint the United States Attorney Pursuant to 25 U.S.C. 175" ("Motion to Appoint") [Doc. 110], and, on December 6, 2021, the Plaintiff filed a "Motion to Amend his Complaint to Add Essential Defendants and in the Interest of the Ends of Justice" ("Motion for Leave to File a Second Amended Complaint") [Doc. 128]. The Magistrate Judge denied the Plaintiff's Motion to Appoint and Motion for Leave to File a Second Amended Complaint [Docs. 113, 129], and the Plaintiff objected to the Magistrate Judge's Orders [Docs. 121, 132]. On February 8, 2022, the Court also entered an Order affirming the Magistrate Judge's Orders. [Doc. 143]. The Plaintiff now moves for reconsideration of the Court's February 8, 2022 Orders and the Judgment under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. [Docs. 147, 148, 148-1 at 1-2].

Rule 59(e) provides that a judgment may be altered or amended in order: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy" which the Fourth Circuit has cautioned should be used only "sparingly" in exceptional circumstances. Id. Additionally, Rule 60(b) allows the Court to "relieve a party or [her] legal representative from a final judgment, order, or proceeding" on the following grounds:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence . . . ;
>
>  (3) fraud . . . misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motions to reconsider, the Plaintiff essentially restates the same arguments that he previously made in his prior objections to the Magistrate

Judge's Memorandum and Recommendation and the Magistrate Judge's denials of his Motion to Appoint and Motion for Leave to File a Second Amended Complaint. Upon review of the Plaintiff's motions, the Court finds no basis in law to reconsider its prior Orders. Accordingly, the Plaintiff's motions are denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The "Plaintiff's Objection to Doc. #143" [Doc. 147], which the Court construes as a Motion for Reconsideration, is **DENIED;** and

(2) The "Plaintiff's Rule 59(e) Motion for the Court to Alter or Amend the Orders, Doc. #144 and Doc. #145" [Doc. 148] is **DENIED.**

**IT IS SO ORDERED.**

Signed: March 7, 2022

Martin Reidinger
Chief United States District Judge